WALLS, APPELLANT, *v.* CITY OF COLUMBUS ET AL., APPELLEES.

(No. 82AP-749—Decided June 14, 1983.)

*Mr. Kenneth A. Bauman,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. John P. Gilligan,* for appellees.

WHITESIDE, P.J. Plaintiff, Howard L. Walls, appeals from a judgment of the Court of Claims dismissing his complaint and raises a single, three-part assignment of error, as follows:

"The lower court erred as a matter of law and denied Appellant fundamental due process of law in granting Appellee's motion to dismiss prior to the trial in this matter in the following respects:

"1. By not finding a duty owed to the Appellant by the State of Ohio under common law principles applicable to private parties;

"2. By not implying a duty owed by The State of Ohio to Appellant in R.C. 4509.31; and

"3. By not allowing Appellant access to the Court pursuant to the United States and Ohio Constitutions."

In his amended complaint, plaintiff alleges that he was arrested without probable cause because of incorrect information supplied by defendant state through its Bureau of Motor Vehicles to a police officer. On the date in question, plaintiff, while operating his motor vehicle, was stopped by a police officer. At that time, the state negligently supplied erroneous information to the officer, indicating plaintiff's driver's license was subject to a financial responsibility suspension when, in fact, it was not subject to any such suspension. As a result, criminal charges were filed against plaintiff, and he was arrested and placed in jail. Several weeks later the criminal charges were dismissed presumably because it was ascertained that plaintiff, in fact, had a valid driver's license.

The apparent gist of plaintiff's claim for relief is alleged tortious conduct by the state in negligently giving incorrect information to a police officer which indicated that plaintiff had committed a crime, resulting in plaintiff's arrest and temporary imprisonment upon a charge of having committed that supposed crime.

In waiving the state's immunity from liability, R.C. 2743.02(A)(1) provides that that liability shall be determined "in accordance with the same rules of law applicable to suits between private parties." Plaintiff contends that the applicable law, therefore, is that set forth in *Mouse* v. *Central Savings & Trust Co.* (1929), 120 Ohio St. 599, in which it was held that a bank could be liable for the arrest and imprisonment of a depositor for issuing a check without funds as a result of the bank's giving incorrect information to a third person that the depositor had no account at the bank when, in fact, he did.

The state contends that it had no duty to plaintiff to give correct information concerning him to the police officer, and presumably the Court of Claims agreed, finding no such duty. Apparently, they distinguished *Mouse* on the basis that a contractual duty existed in that case.

In contending that it owed no duty to plaintiff to give correct information concerning him to the police officer, defendant state relies upon the decision of this court in *Shelton* v. *Indus. Comm.* (1976), 51 Ohio App. 2d 125 [5 O.O.3d 286], and several unreported decisions of this court. Defendant's reliance upon those cases is

misplaced. In *Shelton,* we held that the state was not responsible to third parties for a negligent failure of a state agency to inspect places of business or boilers and to enforce safety standards. In that case, we stated at page 131:

"* * * Statutes requiring state agencies to inspect and enforce safety standards were enacted to protect the public generally against unsafe conditions. They were not intended, nor should they be so construed, to create a duty toward any particular person. * * *"

The holding in *Mierke* v. *Superintendent of Banks* (Sept. 7, 1978), No. 78AP-304, unreported, is similar, this court stating in part at page 8:

"There does not appear to be any basis whatsoever for a contention of common law liability upon the State under the circumstances involved herein. Any liability of the State must be created by statute. However, we find nothing in R.C. Chapter 1125 * * * in any way whatsoever indicating an intent on the part of the State to assume responsibility for the poor, negligent, incompetent, or fraudulent management of a bank, even if the Superintendent of Banks failed to take prompt action, failed to perform statutory duties, or failed to discover the improper management during an annual inspection of the bank's books and records. * * *"

Those cases involve substantially different issues than are here presented. In this case, there is no claim that an agency of the state failed to perform a specific statutory duty created for the benefit of the public or that an agency of the state failed to enforce the law against a violator. Nor is there any contention that an agency of the state failed to discover dishonesty or a defective condition during an inspection or failed to make an inspection which would have revealed the dishonesty or defective condition. Rather, the complaint alleges that an agency of the state affirmatively acted with respect to plaintiff so as to cause harm to plaintiff by giving false information concerning plaintiff to a police officer, which false information indicated that plaintiff had committed a crime, albeit a traffic offense.

As the Court of Claims properly recognized, tort liability can exist only where the alleged tortfeasor has breached a duty of conduct which he owes to the person who has sustained the injury. Thus, as defendant correctly points out, it had no duty to give information concerning plaintiff. However, the question is, once the state determined to give information concerning plaintiff, whether the state then had a duty to plaintiff to give correct information.

The common-law rules concerning defamation, including libel and slander, are predicated upon a duty of one disseminating information about another to be accurate and truthful with respect to the information disseminated. If one acts with reckless disregard for the truth or falsity of the information he furnishes, he may be liable for defamation and the resulting damages.

The same type of duty has been recognized with respect to the right of privacy. Although not yet specifically recognized as a part of the right of privacy in Ohio, some jurisdictions have recognized what is called a "false-light" invasion of privacy, which is described in Section 652(A)(2) of the Restatement of the Law, Torts 2d (1977), as follows:

"The right of privacy is invaded by
"* * *
"(d) publicity that unreasonably places the other in a false light before the public * * *."

To be liable, the person disseminating the information placing another in a false light must have acted in reckless disregard as to the falsity of the publicized matter.

In any event, it has been recognized in Ohio through the *Mouse* case, *supra,* that giving false information which results in the arrest and imprisonment of another may be grounds for tort liability. See Annotation, Liability for Negligently Caus-

ing Arrest or Prosecution of Another (1980), 99 A.L.R. 3d 1113.

The trial court could not properly dismiss plaintiff's complaint unless it appeared beyond doubt that plaintiff could prove no set of facts entitling him to recovery. See *O'Brien* v. *University Community Tenant's Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223]. Here, there is potential common-law tort liability under the allegations of the complaint. Accordingly, part one of the assignment of error is well-taken.

With respect to part two of the assignment of error, there is no indication that R.C. 4509.31 is of such a nature as to impose liability under the circumstances here involved. There is nothing in that statute which pertains directly to plaintiff or his interests or which would indicate a duty of the state agency involved, the Bureau of Motor Vehicles, toward plaintiff. Accordingly, we find no error in that portion of the trial court's opinion indicating liability could not be predicated upon R.C. 4509.31. The fact that there is no express statutory duty, however, does not in any way detract from the common-law duty to be accurate with respect to information furnished about another. Part two of the assignment of error is not well-taken.

Similarly, part three of the assignment of error is not well-taken. There has been no denial of due process but, rather, because of being afforded due process, plaintiff has had an opportunity to assert the issues that he has raised and to pursue this appeal.

For the foregoing reasons, part one of the assignment of error is sustained, and the remaining portions thereof are overruled; and the judgment of the Court of Claims is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed
and cause remanded.*

MOYER and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.