**WIGFALL, Appellant,**

**v.**

**SOCIETY NATIONAL BANK et al., Appellees.**

[Cite as *Wigfall v. Soc. Natl. Bank* (1995), 107 Ohio App.3d 667.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–088.

Decided Dec. 8, 1995.

668

*C. Thomas McCarter* and *Gary E. Horn*, for appellant.

*Amy M. Natyshak*, for appellees Society National Bank, Marina Tippit and Rhonda Maxson.

*John T. McLandrich*, for appellees Continental Secret Services, Inc. and Michael Cervetto.

HANDWORK, Judge.

On Christmas Eve, 1991, appellant, Laverne Wigfall, went to a branch of Society National Bank in Toledo, Ohio, to cash a check from his account at the bank so that he could purchase some Christmas presents. Shortly after appellant concluded his transaction at the bank, another man robbed the bank by passing a note with a demand for cash to one of the bank tellers. Local police and agents from the Federal Bureau of Investigation ("FBI") were called to the scene of the robbery. As a result of the investigation, appellant's picture was published in the newspaper and broadcast on television stations in Toledo, Ohio along with information that he was a suspect in a bank robbery.

When appellant learned about the publication of his picture to the public and the accusations levied against him, he went to the police station to clear his name. After he was fingerprinted and his mugshot was taken, he was interrogated by FBI agents. The FBI agents were eventually convinced that appellant was not the bank robber, and he was released.

Appellant filed a complaint in the Lucas County Court of Common Pleas on December 22, 1993 against appellees Society National Bank, four employees of

Society National Bank,[1] the security company that employed the security guard who was at the branch of the bank that was robbed on December 24, 1991,[2] and the security guard.[3] The complaint contained claims for negligent identification, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress.

Appellees all filed answers to the complaint. Following discovery, appellees each filed motions for dismissal or motions for summary judgment. Appellant opposed the motions, but on February 28, 1995, the trial court dismissed two of the bank employees as parties and granted summary judgment against appellant on all of the claims against the remaining defendants.

Appellant then filed this appeal. He presents the following four assignments of error:

"1. The trial court erred in dismissing Plaintiff's first cause of action for negligent identification holding the cause of action sounds in defamation and therefore was untimely filed.

"2. The trial court erred in dismissing Plaintiff's cause of action for intentional infliction of severe emotional distress concluding Defendants' conduct not to be extreme and outrageous.

"3. The trial court erred in dismissing Plaintiff's cause of action for negligent infliction of emotional distress concluding Plaintiff's emotional injury not to be severe and debilitating.

"4. The trial court erred in dismissing Plaintiff's claim for punitive and exemplary damages."

Before addressing the specific assignments of error, we note that, like the trial court, this court must consider whether summary judgment should be granted in this case by applying the provisions of Civ.R. 56(C), which read:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion

---

1. The employees were Rhonda Maxson, Marina Tippitt, Michelle Fall, and Cheryle Szgedi.

2. The company is Continental Secret Service Bureau, Inc.

3. The security guard was Michael Cervetto.

and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Appellant argues, in support of his first assignment of error, that the trial court erred when it ruled that appellant's cause of action for negligent identification "remains one sounding in defamation" and determined that the one-year statute of limitations for defamation was applicable, making appellant's claim untimely. Appellant contends that the tort of negligent identification is separate from the tort of defamation, and is subject to the four-year statute of limitations found in R.C. 2305.09(D). Appellant cites a case decided by the Supreme Court of Ohio in 1929 and a case decided by the Tenth District Court of Appeals in 1983 to support his argument.

The 1929 Supreme Court of Ohio case involved a suit filed by a bank customer against his bank after he was arrested and jailed for passing bad checks. *Mouse v. Cent. Sav. & Trust Co.* (1929), 120 Ohio St. 599, 602–603, 167 N.E. 868, 869. The facts in the case show that the customer did have funds on deposit with the bank. However, when a merchant presented checks written by the customer to the bank, the bank told the merchant that the customer did not have an account with the bank. The confusion was caused by a misspelling of the customer's name in part of the bank's records. The merchant had the bank customer arrested and jailed for passing bad checks.

The Supreme Court of Ohio ruled that the bank was negligent when it gave the erroneous information to the merchant because (1) the customer's name was correctly spelled in some of the bank's records and could have been found with careful checking; (2) the injury to the customer was foreseeable, since state law prohibits passing bad checks; (3) the merchant's action of seeking the bank customer's arrest for passing bad checks was set in motion by the bank's act of providing erroneous information to the merchant, so the action of the merchant was not an intervening cause; and (4) the arrest and jailing of the bank customer, along with the humiliation caused by the arrest and jailing, constituted actual damages. *Id.*, 120 Ohio St. at 611, 167 N.E. at 871. The Supreme Court reversed the trial court's dismissal of the case and remanded the case for further proceedings.

The second case cited by appellant involved a motorist who was arrested and jailed for driving with a suspended driver's license after a police officer was given incorrect information by the Bureau of Motor Vehicles. *Walls v. Columbus* (1983), 10 Ohio App.3d 180, 10 OBR 251, 461 N.E.2d 13. The motorist sued the state for negligently giving incorrect information to the police officer. The Tenth District Court of Appeals ruled that there was potential common-law tort liability because "it has been recognized in Ohio through the *Mouse* case, * * * that

giving false information which results in the arrest and imprisonment of another may be grounds for tort liability" and remanded the case. *Id.* at 182–183, 10 OBR at 253–254, 461 N.E.2d at 14–15.

■ Our careful reading of the *Mouse* case and of the *Walls* case leads us to the conclusion that there is a tort cause of action, separate from defamation, which exists in Ohio for persons who are negligently improperly identified as being responsible for committing a violation of the law, and who suffer injury as a result of the wrongful identification.[4] As with any cause of action sounding in negligence, there must be a showing of a duty, a breach of duty, proximate cause and injury before the person improperly identified for committing a crime can establish a valid claim. Appellees have advanced different arguments regarding why appellant has not provided sufficient proof to defeat their motions for summary judgment in regard to this cause of action. We will consider the arguments separately.

The security company and security guard begin by arguing that they owed no duty to appellant. In the alternative, they argue that even if a duty was owed, they did not breach the duty. Finally, they argue that even if they did breach a duty, their breach was not the proximate cause of appellant's injury because the actions of the FBI were an intervening cause.

■ As to the argument that no duty was owed, we find that pursuant to the tort cause of action created in the *Mouse* case, the security company and its agent, the security guard, owed a duty to use due care when providing information to the FBI regarding the identity of the bank robber. The evidence in the record relating to whether the duty was breached is as follows.

The FBI agent who investigated the bank robbery testified in his deposition that the security guard looked at pictures taken of appellant when appellant was at the teller's window cashing his check, and positively identified appellant as the bank robber. The security guard testified in his deposition that he looked at the pictures and told the FBI agent that appellant might be the bank robber, but he could not be sure. Accordingly, there is an issue of fact in dispute. However, the issue of fact is not material because even assuming that the security guard did positively identify appellant as the bank robber, the mistake in identification is not by itself proof of negligence. The record contains deposition testimony from the bank teller, the security guard and the investigating FBI agent which shows that the bank teller did not set off any alarm when the robbery was actually occurring. The security guard did not know a robbery had occurred

---

4. The one-year statute of limitations applicable to a defamation claim is not applicable to this separate cause of action.

until the robber had already left the building. The bank robber and appellant were both in the bank at the same time, and the security guard could easily have been confused about which individual actually committed the robbery. The FBI separated all of the people who were in the bank at the time of the robbery so that they could not compare information about the description of the robber, and the security guard was shown only pictures of appellant. Accordingly, we agree with the security company and the security guard that the evidence in the record fails to show that the guard breached the duty of due care when he mistakenly identified appellant as the bank robber. The summary judgment granted to the security company and the security guard on the claim for negligent identification is affirmed.

The bank and its employees argue that the trial court was correct when it treated appellant's cause of action as sounding in defamation, rather than as a separate tort. The bank and its employees also argue alternatively that even if a separate cause of action does exist, the facts in this case fail to show that they breached the duty under that cause of action: to make statements about the identity of the bank robber in good faith. Finally, the bank and its employees argue that public policy supports cooperation with police to apprehend bank robbers, so this court should find that no liability exists for those who provide information to the police.

■ As to the first argument of the bank and its employees, this court has already ruled that a separate cause of action does exist, and that the duty under the cause of action is to use due care when providing information to authorities regarding the identity of a bank robber. As to the second argument of the bank and its employees, that appellant showed no evidence that there was a breach of the duty owed, we find the following.

The record shows that the bank teller who was robbed and the FBI agent in charge of the investigation of the robbery both stated in their depositions that the bank teller never positively identified appellant as the man who robbed the bank. The record also shows that the FBI agent testified in his deposition that the acting branch manager of the bank was unable to make any positive identification of appellant. Accordingly, the bank teller and the acting branch manager did not breach the duty to use due care when providing information to the investigating authorities, and the summary judgment granted to them for appellant's claim for negligent identification is affirmed.

■ However, the deposition testimony of the FBI agent could allow reasonable minds to reach different conclusions regarding whether the bank breached the duty of due care. The pertinent testimony of the FBI agent is that he was contacted by the head of security for the bank, after appellant's picture had

already been printed in the newspaper and broadcast on television with information that he was a bank robbery suspect, to inform the agent that there was a "problem." The "problem" was that the bank had failed to provide the agent with all of the pictures that were taken by the security cameras at the bank at the time the robbery occurred. The pictures that had been given to the FBI showed only appellant in front of the teller windows at the bank. Pictures which were not originally supplied to the FBI showed the presence of another individual, who was wearing clothing that matched the description given by the bank teller who was robbed. No explanation was given to the FBI agent for the "mistake." The testimony therefore shows that the bank had proof in its possession that appellant was not the bank robber, and that if it had carefully checked its records, it could have cleared appellant of any suspicion. Construing this information in a light most favorable to appellant, we find that reasonable minds could come to different conclusions regarding whether the bank breached its duty to use due care when providing information to authorities to identify the bank robber.

■ Turning to the final argument of the bank, we acknowledge that public policy does encourage citizens to cooperate with investigating authorities to identify perpetrators of crime. However, we are unwilling to extend public policy to such an extent that due care need not be used when information is supplied to investigating authorities. The serious consequences which accompany an individual being identified as a suspected criminal require the imposition of a duty to use due care on those who give information to assist investigating authorities. The summary judgment granted to the bank for appellant's claim for negligent identification is reversed. Appellant's first assignment of error is well taken in part and not well taken in part.

In support of his second assignment of error, appellant argues that the trial court erred when it granted summary judgment to appellees for appellant's claim of intentional infliction of emotional distress after finding as a matter of law that appellees did not commit outrageous conduct and appellant did not suffer severe emotional distress. Appellant argues that reasonable minds could conclude that appellees committed outrageous conduct when they erroneously identified appellant as the bank robber. Appellant also argues that reasonable minds could conclude that he suffered severe emotional distress.

■ In Ohio, four elements must be proved to establish a cause of action for intentional infliction of emotional distress. *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 11 OBR 63, 66–67, 463 N.E.2d 98, 103. The four elements are:

"(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress

to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community,' Restatement of Torts 2d (1965) 73, Section 46, comment *d;* (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it,' Restatement of Torts 2d 77, Section 46, comment *j.*" *Id.* at 34, 11 OBR at 66, 463 N.E.2d at 103.

For the following reasons, this court affirms the orders of the trial court granting appellees summary judgment on appellant's claim for intentional infliction of emotional distress.

■■■ First, as we previously discussed, the bank teller and the acting branch manager never did positively identify appellant as the robber. Second, even assuming that the security guard did positively identify appellant as the bank robber, his mistake did not constitute a breach of due care when all of the circumstances surrounding the mistaken identification are considered. Accordingly, the security guard, the company that employed him, the bank teller, and the acting branch manager of the bank did not breach a duty to use due care when providing investigating authorities with information to identify the bank robber. In addition, without some showing of intent to misidentify appellant as the robber, the bank's failure to carefully review its records before it provided the FBI with information, while perhaps reckless, did not rise to the level of outrageous, an issue that can be determined as a matter of law. *Pyle v. Pyle,* 11 Ohio App.3d at 34–35, 11 OBR at 66–68, 463 N.E.2d at 103–105. Appellant's second assignment of error is not well taken.

■■■ In support of his third assignment of error, appellant argues that the trial court erred when it granted summary judgment to appellees on his claim for negligent infliction of emotional distress. Appellees argue that appellant has no cause of action because he was not a bystander to an accident and he was never in fear of actual physical harm. The Supreme Court of Ohio recently ruled that Ohio law does not recognize "the right of a plaintiff to maintain a cause of action for negligent infliction of serious emotional distress where the defendant's negligence produced no actual threat of physical harm to the plaintiff or any other person." *Heiner v. Moretuzzo* (1995), 73 Ohio St.3d 80, 82, 652 N.E.2d 664, 666. We therefore conclude that some fear of actual physical consequences to the plaintiff is a required element for a cause of action for negligent infliction of emotional distress in Ohio. Appellant failed to include any evidence in the record that would establish this element. Accordingly, the orders of the trial court granting appellees summary judgment on appellant's claim for negligent infliction of emotional distress are affirmed. Appellant's third assignment of error is not well taken.

In support of his fourth and final assignment of error, appellant argues that the trial court erred when it granted summary judgment to appellees on his claim for punitive damages. The Supreme Court of Ohio has ruled that punitive damages cannot be obtained from a party if the party is not liable for compensatory damages. *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 603, 640 N.E.2d 159, 163–164. Since no claims remain against the security guard, the security company, the bank teller and the acting branch manager, which would entitle appellant to compensatory damages, the summary judgments granted to these parties on the punitive damages claim are affirmed. However, because this court has found that a viable cause of action may remain against the bank which would entitle appellant to compensatory damages, the summary judgment granted to the bank on the punitive damages claim is reversed. Appellant's fourth assignment of error is well taken in part and not well taken in part.

The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This case is remanded for further proceedings consistent with this decision. Appellee Society National Bank and appellant are each ordered to pay one half of the court costs of this appeal.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SHERCK, J., concurs.

ABOOD, P.J., concurs in judgment only.