OPINION
Defendant-appellant, Gregory A. Harper, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of multiple counts of forgery in violation of R.C. 2913.31, receiving stolen property in violation of R.C. 2913.51, possession of criminal tools in violation of R.C. 2923.24, tampering with records in violation of R.C. 2913.42, and a single count of theft in violation of R.C. 2913.02.
According to state's evidence, defendant forged signatures on Bureau of Motor Vehicles ("BMV") applications to obtain driver's licenses in the names of Mark Downing, James Jackson, II, Jonathan Alders, and Darren Bidwell. With printed checks bearing the names of the persons in whose name he had obtained driver's licenses, defendant forged the signatures on the checks and used the driver's licenses as identification to pass "bad" checks for the purchase of merchandise at Meijers, Odd Lots, Micro Center, Kroger, and Wal-Mart.
Detective Michael Gray of the Columbus Police Department received forgery reports from the stores, obtained the "bad" checks, and initiated an investigation utilizing the false identification to order documents from the BMV relative to the application process for the falsified driver's licenses. The documents revealed that defendant's photograph was on the licenses issued in the names of Jackson, Alders, Bidwell and Downing. Gray submitted a sample of defendant's writing, the checks, and the BMV applications for driver's licenses to Detective Thomas Bennett, a document examiner for the Columbus Police Department, for handwriting comparison. Bennett confirmed that defendant signed the applications, as well as the various checks in question.
As a result of the investigation, defendant was indicted under five separate indictments for a total of twenty-nine counts:
 In case number 99CR-03-1601, defendant was charged with forgery, theft, possessing criminal tools, and tampering with records as it pertained to Jonathan Alders.
 On case number 99CR-03-1602, defendant was charged with forgery, receiving stolen property, possessing criminal tools, and tampering with records as it pertained to James Jackson, II.
 On case number 99CR-1611, defendant was charged with forgery, receiving stolen property, possessing criminal tools, and tampering with records as it relates to Mark Downing.
 On case number 99CR-2938, defendant was charged with forgery, receiving stolen property, tampering with records, and possessing criminal tools as it relates to James Jackson, II.
 On case number 99CR-3111, defendant was charged with forgery, possessing criminal tools, and receiving stolen property as it relates to Darren Bidwell.
The matters were consolidated for a jury trial, defendant was found guilty on multiple counts, and the trial court sentenced defendant accordingly. Defendant appeals, assigning the following errors:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16
OF THE OHIO CONSTITUTION BY ENTERING JUDGMENTS OF CONVICTION WHERE THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE AND WHERE SUCH CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE TRIAL COURT ERRED AND DEPRIVED THE APPELLANT OF DUE PROCESS BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF FALSIFICATION AND INSTEAD INSTRUCTED THE JURY SOLELY ON TAMPERING WITH RECORDS IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND OHIO RULE OF CRIMINAL PROCEDURE 30(A).
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF OHIO RULE OF CRIMINAL PROCEDURE 29.
 ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRIAL COURT [ERRED WHEN IT] IMPOSED CONSECUTIVE SENTENCES IN VIOLATION OF OHIO REVISED CODE SECTIONS 2929.14(E)(4) AND 2953.08(C).
 ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT ERRED WHEN IT ALLOWED TESTIMONY AND ADMITTED EVIDENCE IN VIOLATION OF OHIO RULES OF EVIDENCE 803 AND 902.
 ASSIGNMENT OF ERROR NUMBER SIX
 APPELLANT'S CONVICTIONS RESULTED FROM A DENIAL OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 10 OF THE OHIO CONSTITUTION.
Because defendant's first and third assignments of error are interrelated, we address them jointly. Together they assert his three convictions for tampering with records are supported by insufficient evidence and are against the manifest weight of the evidence.
To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins
(1997), 78 Ohio St.3d 380 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting evidence"). Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230.
Defendant was convicted of tampering with records in violation of R.C.2913.42(A)(1), which states that "[n]o person, knowing he has no privilege to do so, and with purpose to defraud or knowing that he is facilitating a fraud, shall * * * [f]alsify * * * any writing, data, or record." Because the writings at issue were kept or belonged to a governmental agency, to support a conviction the state must present evidence that defendant "(1) falsified a writing that would be kept as a record by a governmental agency, (2) knowing he had no privilege to do so, and (3) with purpose to defraud or knowing he was facilitating a fraud." R.C. 2913.42(A) and (C)(2)(b). State v. Luna (1994),94 Ohio App.3d 653, 660-661. Defendant contends the evidence rises only to a potential conviction for falsification. R.C. 2921.13(A)(5), which prohibits falsification, states "[n]o person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when * * * [t]he statement is made with purpose to secure the issuance by a governmental agency of a license, permit * * *."
According to the state's handwriting expert, defendant signed the names of Alders and Bidwell to two separate BMV applications, signed Jackson's name to three BMV applications, and very probably signed Downing's name to a BMV application. The photo images on the driver's licenses issued in those names bore defendant's photograph.
The foregoing evidence established defendant falsified license applications to the BMV, a governmental agency. See Walls v. City ofColumbus (1983), 10 Ohio App.3d 180; State v. Cunningham (May 3, 1995), Ross App. No. 94 CA 2023, unreported. Defendant knew that he did not have a privilege to falsify the application as, at the very least, a warning is printed on the application. Moreover, defendant's purpose in obtaining the licenses was to facilitate a fraud on Meijers, Odd Lots, Micro Center, Kroger, and Wal-Mart by passing bad checks, supported by the fraudulent driver's licenses. Thus, all of the elements of tampering with records pursuant to R.C. 2913.42 were demonstrated. Accordingly, the state presented sufficient evidence to support defendant's conviction.
Defendant further asserts the trial court erred in denying his Crim.R. 29 motion on the charges of tampering with records. The court is required to enter a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offenses alleged in the indictment. If reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt, the court cannot enter a judgment of acquittal. State v. Apanovitch
(1987), 33 Ohio St.3d 19; State v. Dennis (1997), 79 Ohio St.3d 421,430. In reviewing a ruling on a Crim.R. 29(A) motion for judgment of acquittal, the reviewing court construes the evidence in a light most favorable to the state. State v. Clay (Mar. 28, 2000), Franklin App. No. 99AP-404, unreported. Because the test for Crim.R. 29 so closely parallels the test for sufficiency of the evidence under Jenks,
defendant's contentions under Crim.R. 29 are unpersuasive for the same reasons his argument failed concerning the sufficiency of the evidence.
Lastly, defendant contends his conviction is against the manifest weight of the evidence. While defendant presented no testimony to contradict the state's evidence, in support defendant notes he was never charged with theft of the checks in question, no witness from the BMV identified him as the one who signed the applications, and none of the stores' witnesses identified him as the person who presented the identification to use the checks in question.
Defendant does not explain how theft of the checks is critical to the charges under R.C. 4123.42. Indeed, theft of the checks is not an element of R.C. 4123.42 and is not necessary to support the convictions. Defendant, however, was convicted of forgery and receiving stolen property in connection with the stolen checks.
Moreover, although the state presented no testimony from anyone who saw defendant sign the applications to receive the driver's licenses, Bennett's expert testimony was sufficient to prove defendant falsified the applications. Defendant's photograph on Jackson's, Alders', Bidwell's and Downing's falsified driver's licenses, used for identification in passing the "bad" checks only further supports Bennett's testimony. Accordingly, the convictions were not against the manifest weight of the evidence and defendant's first and third assignments of error are overruled.
Defendant's second assignment of error asserts the trial court erred in failing to instruct the jury on the lesser included offense of falsification. An instruction on a lesser included offense is required only where evidence would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v.O'Neal (2000), 87 Ohio St.3d 402, 412; State v. Robb (2000),88 Ohio St.3d 59, 74.
Even if falsification is a lesser included offense of tampering with records, the evidence here did not warrant an instruction on falsification: the evidence did not support an acquittal on tampering with records, as the evidence demonstrated that defendant falsified the BMV applications with the purpose of using the false identification to defraud stores. Accordingly, defendant's second assignment of error is overruled.
Defendant's fourth assignment of error asserts the trial court erred in imposing consecutive sentences in violation of R.C. 2929.14. Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported.
Moreover, R.C. 2929.19(B)(2)(c) requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstance[s]: [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences." State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30, unreported; State v. Washington (June 8, 2000), Franklin App. No. 99AP-640, unreported.
Here, the trial court made the following findings: "[defendant] acted as part of an organized criminal activity. * * * He has a very sophisticated operation whereby going in and applying for temporary driver's licenses * * * The offenses we are talking about here cover a large period of time. * * * [T]here is the history of the criminal convictions. * * * I don't think he has shown any genuine remorse. * * * So, I think, that recidivism is much more likely." (Tr. 68-70.) Later, the trial court stated: "[I]n order to impose consecutive sentences, very easily to find in this case is that if the offender's criminal history shows consecutive terms are needed to protect the public if this guy is out he's going to be right in writing paper." (Tr. 71.)
The only necessary finding the trial court arguably made was that consecutive terms are needed to protect the public. It did not find, however, that consecutive sentences were not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public, in addition to one of the other required findings under R.C.2929.14(E)(4)(a), (b), or (c). To that extent, defendant's argument is well-taken. Because the matter necessarily will be remanded for re-sentencing, the trial court also will have the opportunity to clarify its reasons for imposing consecutive sentences, as required under R.C.2929.19(B)(2)(c). While the record may well support the imposition of consecutive sentences, the requisite findings were not made.
Defendant further argues that pursuant to R.C. 2953.08(C), the imposition of consecutive sentences exceeds the maximum prison term of five years allowed for a felony offense of the third degree. Nothing in R.C. 2953.08(C) prevents the trial court from imposing consecutive sentences even if the consecutive sentences exceed the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense for which the defendant was convicted. State v. Drake (Dec. 28, 1999), Franklin App. No. 99AP-394, unreported, citing State v. Harris (Dec. 1, 1998), Franklin App. No. 98AP-197, unreported. Defendant's fourth assignment of error is sustained in part and overruled in part.
Defendant's fifth assignment of error asserts the trial court erroneously admitted various unauthenticated "BMV documents" and "driver's license applications." Because defendant did not object to the admission of the evidence, all but plain error is waived. Accordingly, to prevail in his argument, defendant must demonstrate that the outcome of the trial clearly would have been different, but for the alleged error.State v. Lewis (July 21, 1998), Franklin App. No. 97APA09-1263, unreported.
Defendant cannot show plain error in the admission of the license applications. A testimonial foundation is unnecessary when an appropriate BMV document has a signature from a BMV official and the seal of the department. See Evid.R. 902. Thus, in State v. Morehart (Oct. 31, 1997), Wood App. No. WD-97-047, unreported, the court held "[w]hen a seal purporting to be that of the BMV appears on the document and a signature purporting to be that of an authorized BMV official attesting to the document's accuracy is affixed, the document is deemed self-authenticating." Here, the driver's license applications are on appropriate BMV letterhead that contains an original BMV seal with an original signature from a BMV official. Thus, the documents are self-authenticating.
Although defendant did not specify the other "BMV documents" he deems were improperly admitted, defendant presumably refers to BMV photo images that correspond to defendant's picture on the falsified driver's licenses issued in the names of Jackson, Alders, Downing, and Bidwell. Although the record is somewhat unclear, many of the photo images seem not to have been admitted into evidence. Even if the contested documents were admitted, defendant was not prejudiced by the admission, as the substance of the evidence was already before the jury by Gray's testimony that the driver's licenses for Jackson, Alders, Downing, and Bidwell bore photos of defendant. Defendant's fifth assignment of error is overruled.
Defendant's sixth assignment of error asserts ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong test enunciated in Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Initially, defendant must show that counsel's performance was deficient. To meet that requirement, defendant must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment. Defendant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.
Next, if defendant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires defendant to prove prejudice in order to prevail. To meet that prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable. A defendant meets this standard with a showing `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Sieng (Dec. 30, 1999), Franklin App. No. 99AP-282, unreported. (Citations omitted.)
Initially, defendant contends he was prejudiced by defense counsel's failure to object to the prosecution's using a second handwriting exemplar which defendant contends violated his Fifth Amendment rights. Defendant asserts the second exemplar was used for other than identification purposes.
Initially, a handwriting sample is an identifying characteristic that is not protected by the Fifth Amendment privilege against self-incrimination. State v. Heston (1972), 29 Ohio St.2d 152, 158, citing Gilbert v. California (1967), 388 U.S. 263, 266. Moreover, defendant points to no evidence supporting his contention that the exemplar was used for any purpose but identification, and further fails to identify any "content" contained in the handwriting samples that was used to implicate him. To the contrary, Bennett testified the second samples were needed to make a more accurate comparison of defendant's handwriting for purposes of identification. As Bennett explained, the first writing samples were defective because defendant's writing changed, thus necessitating the need for a second sample. Defendant's argument is not well-taken.
Defendant next asserts that counsel's representation was deficient because counsel failed to offer a handwriting expert witness on defendant's behalf. The failure to call an expert and instead rely on cross-examination generally does not constitute ineffective assistance of counsel. State v. Nicholas (1993), 66 Ohio St.3d 431, citing State v.Thompson (1987), 33 Ohio St.3d 1, 10-11. Moreover, defense counsel not only sufficiently cross-examined the state's handwriting expert, but this record contains no evidence that another handwriting expert would have benefited defendant's case.
Defendant further contends trial counsel's failure to object to admission of the driver's license applications constituted ineffective assistance of counsel because no foundation was laid to authenticate the documents. As noted, those documents were self-authenticating and thus no extrinsic foundation was necessary.
Finally, defendant asserts he was prejudiced by lack of a cognizable defense. Defendant contends no evidence was presented on his behalf, minimal objections were stated to the use or admission of exhibits, no objections were made to the qualifications of the two state's expert witnesses, and minimal argument was offered as to the sufficiency of the state's evidence.
Defendant, however, points to no evidence which defense counsel should have offered on his behalf. Because such evidence necessarily rests outside the record, post-conviction relief may be the more appropriate remedy to raise such an issue. Moreover, the state presented substantial evidence supporting defendant's conviction. Defense counsel does not have to put forth a defense that most likely would be unsuccessful. State v.Halliwell (Dec. 19, 1996), Cuyahoga App. No. 70369, unreported. While defense counsel effectively cross-examined the state's witnesses in an attempt to refute the evidence, the fact that defense counsel was unsuccessful does not render counsel ineffective. State v. Kinsey (Nov. 30, 1995), Holmes App. No. CA-515, unreported. Moreover, defendant fails to specify which exhibits should have been subject to objection.
Finally, defendant failed to specify the two expert witnesses to which defense counsel should have objected, but we assume defendant refers to Detective Bennett and Rhonda Cadwallader. "[P]reliminary questions concerning the qualification of a person to be a witness * * * shall be determined by the court * * *." In the Matter of Frederick (May 8, 1998), Lucas App. No. L-97-1165, unreported. The trial court is vested with broad discretion in its determination of the competency of an expert witness, and the court's ruling on the issue will not be reversed absent an abuse of that discretion. Id., citing Scott v. Yates (1994),71 Ohio St.3d 219, 221. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
"Evid.R. 702 provides that a witness may testify as an expert if the following three conditions are met: (1) he or she is qualified as an expert by virtue of specialized knowledge, skill, experience, training or education regarding the subject matter of the testimony; (2) the testimony relates to matters beyond the knowledge or experience of lay persons or dispels a common misconception among lay persons; and (3) the testimony is based upon reliable scientific, technical, or other specialized information. The qualification of an expert depends upon the expert's possession of special knowledge that he or she has acquired either by study of recognized authorities on the subject or by practical experience that he or she can impart to the trier of fact." Frederick,supra, citing Ishler v. Miller (1978), 56 Ohio St.2d 447, 453-454; Evid.R. 702.
Bennett has been a document examiner for the Columbus Police Department for twenty-eight years. His job duties include handwriting analysis, and he has attended courses in handwriting analysis with the secret service, the FBI, at Akron University, at Balinsky College in Orlando, Florida, and at symposiums and courses all over the country. He has testified in Franklin County courts as a handwriting expert for approximately twenty-five years, four or five times a year. Cadwallader has been employed for twelve years at the Columbus Police Department. She is a latent fingerprint examiner, has trained other latent print examiners, and began examining fingerprints for the FBI in 1985. She has also previously testified as an expert in Franklin County courts approximately eighteen or nineteen times. Thus, defense counsel's failure to object to the two expert witnesses' qualifications was not ineffective assistance of counsel, as both witnesses were sufficiently qualified as expert witnesses. Moreover, both witnesses possessed information beyond the knowledge of common experience. Because defendant does not challenge the reliability of the testing, we do not address that aspect of Evid.R. 702(C). Defendant's sixth assignment of error is overruled.
Having overruled defendant's first, second, third, part of his fourth, fifth, and sixth assignments of error, but having sustained defendant's fourth assignment of error to the extent indicated, we affirm the convictions, reverse the sentence imposed and remand this matter to the trial court for re-sentencing.
GLASSER and TYACK, JJ., concur.
GLASSER, J., retired, of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.