DECISION AND JUDGMENT ENTRY
This appeal of an award of summary judgment comes to us from the Lucas County Court of Common Pleas. The trial court granted summary judgment to defendant-appellee, The House of Insurance, on appellants' claims of negligent mis-identification and false imprisonment. Appellants, Brenda Hersey, Heather Hersey and Herman Singleton, appeal that judgment and set forth the following assignment of error:
 "THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT RELATIVE TO THE ACTIONS OF APPELLEE THROUGH ITS AGENTS AND/OR EMPLOYEES."
During the course of the proceedings in the trial court, the depositions of Brenda and Heather Hersey and of Gilbert Lawrence, President of the House of Insurance, and Pamela Lawrence, the Manager of the House of Insurance, were taken and filed. In addition, the affidavits of Gilbert Lawrence and Officer Brent Scoble of the Toledo Police Department were offered in support of and in opposition to appellee's motion for summary judgment. The facts of this case are taken from these documents.
The House of Insurance is a corporation engaged in the sale of insurance, mainly motor vehicle insurance. Appellee's business is in a free-standing building located at the front of a strip mall. In the late afternoon hours of December 23, 1997, Brenda Hersey, her daughter Heather, and a friend drove to The House of Insurance to pay a premium on Brenda's motor vehicle insurance. Brenda also went to the agency to provide requested information for the purpose of motor vehicle insurance coverage for her son, Herman Singleton. Herman was meeting his mother in the parking lot of the insurance agency. Brenda, her daughter and the friend sat in Brenda's car for several minutes waiting for her son to arrive.
In the meantime, someone, identifying himself as "one of your neighbors in the strip mall," called The House of Insurance. The caller told Gilbert Lawrence that appellee was being "staked out" for a robbery and advised Lawrence to call the police. Either Gilbert or Pamela Lawrence made the first call to the police department. After twenty or thirty minutes, Gilbert called the police again. In his deposition testimony, he stated that he told the police, "* * * [W]e feel that we're going to be robbed, where are you?" After the second telephone conversation, Brenda Hersey and her son came inside The House of Insurance. By the time the police arrived, they had been inside the insurance agency for ten to twelve minutes and were conducting their business at the counter.
According to Gilbert Lawrence, a police officer knocked on the back door of the insurance agency. When Gilbert let him in, the officer said that he wanted to talk to the people at the counter, meaning Brenda and Herman. Gilbert told the officer that appellants were insureds. The officer said that he needed to talk to them and escorted Brenda and Herman outside. Prior to leaving The House of Insurance, the officer told Gilbert to stay inside.
Brenda Hersey testified that the police detained appellants and searched their motor vehicles. When Brenda started questioning the police as to why they were being detained, she was handcuffed. In her deposition, Heather Hersey asserted that several police officers arrived at the parking lot outside of The House of Insurance and, with their guns drawn, approached the vehicle where she and the friend were waiting. Heather and the friend were removed from the vehicle and searched. Eventually, appellants were allowed to leave, they never were arrested, and no charges were filed against them.
Our review of a grant of summary judgment is de novo. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus.
The party moving for summary judgment on the ground that the nonmoving party cannot prove its case bears the burden of delineating the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on one or more of the essential elements of the nonmoving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
The key to the grant of a summary judgment motion is that there must be no genuine issue as to a material fact. Material facts are determined by substantive law. Only disputes over facts that might affect the outcome of a suit under governing law will properly preclude the grant of a motion for summary judgment. Irrelevant and unnecessary factual disputes will not be counted. Anderson v. Liberty Lobby, Inc.,477 U.S. at 247-248; Perez v. Scripps-Howard Broadcasting (1988), 35 Ohio St.3d 215. Thus, we turn to the substantive law governing this case.
Appellants' first cause of action, negligent mis-identification, was recognized by this court in Wigfall v. Society Nat'l Bank (1995),107 Ohio App.3d 667. The elements of this tort are described as existing:
 "* * * for persons who are negligently improperly identified as being responsible for committing a violation of the law and who suffer injury as the result of wrongful identification. As with any cause of action sounding in negligence, there must be a showing of a duty, a breach of duty, proximate cause and injury before the person improperly identified for committing a crime can establish a valid claim." Id. at 673.
Appellants' second cause of action is based on the tort of false imprisonment. "False imprisonment" occurs when a person confines another intentionally "`without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" Feliciano v.Kreiger (1977), 50 Ohio St.2d 69, 71, quoting 1 Harper James, The Law of Torts (1956) 226, Section 3.7. See, also, Bennett v. Dept. ofRehabilitation and Corrections (1991), 60 Ohio St.3d 107, 109.
As it did in its motion for summary judgment, appellee points out that no evidence exists to suggest that any agent of The House of Insurance negligently and improperly identified any of the appellants as persons robbing/committing an unlawful act. With regard to the claim of false imprisonment, appellee argues that no genuine issue of material fact exists on the issue of whether anyone from The House of Insurance unlawfully confined any of the appellants. In opposition, appellants raise, as they did below, several alleged conflicts of fact that are not material to the outcome of this case and will therefore be disregarded by this court. Rather, as to first cause of action, the question is whether appellants offered any material facts to create a triable issue on whether an agent of The House of Insurance negligently mis-identified appellants as persons who were robbing/planning to rob the insurance agency.
Brenda Hersey testified as to alleged statements from unidentified police officers who said that "someone" from The House of Insurance or, alternatively, The House of Insurance itself, called and said appellants were trying to "rob them or something." First, these statements are double hearsay and therefore inadmissible under Evid.R. 802. See Civ.R. 56(C). Second, the statements do not indicate that it was a specific agent of The House of Insurance who made the call identifying appellants as persons committing an unlawful act. Third, we cannot infer from the statements that such a person, if any, was the one who made the call. Fourth, it is undisputed that the two calls to the police were madebefore Brenda Hersey and Herman Singleton entered the insurance agency. Appellants offered no evidence suggesting that anyone inside The House of Insurance was aware of their presence prior to that entry. Consequently, no genuine issue of material fact exists on the issue of whether any negligent, improper identification of appellants as persons engaging in an unlawful act was made by an agent of the House of Insurance.
As to the claim of false imprisonment, appellants failed to offer any specific material facts tending to show that appellee or any of its agents intentionally and unlawfully confined appellants for any appreciable period of time. Accordingly, appellants failed to demonstrate that there was a triable issue on any of the essential elements of false imprisonment.
Thus, reasonable minds, even in viewing the evidence in a light most favorable to appellants, could only conclude that appellee is entitled to summary judgment as a matter of law on both of appellants' causes of action. Therefore, appellants' sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., Mark L. Pietrykowski,P.J., CONCUR.