JOURNAL ENTRY AND OPINION.
{¶ 1} Appellants Ron and Cindy Breno, ("the Brenos"), appeal the decision of the trial court granting appellee James R. Hausler, ("Hausler"), summary judgment on Ron Breno's claims of negligent infliction of emotional distress and intentional infliction of emotional distress and Cindy Breno's claim for loss of consortium. The claims arise out of a police investigation involving an erroneous report of child pornography. The Brenos claim the trial court erred in finding that their claims were disguised defamation claims subject to a one-year statute of limitations. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On February 9, 1999, Hausler contacted the City of Mentor Police Department ("Mentor police") and alleged that Ron Breno had viewed and/or stored child pornography on his personal computer. Based on these allegations, Detective Michael A. Toth prepared an affidavit and search warrant that was signed by Municipal Judge Richard A. Swain on the same day. Detective Toth and other police officers executed the warrant at the Breno residence and seized a personal computer. The contents of the computer were analyzed by the Federal Bureau of Investigation. As a result of that analysis, no charges were brought and the computer was returned to the Brenos. On February 6, 2001, the Brenos filed a complaint against Hausler, the City of Mentor Police Department, and Detective Toth. The complaint included claims for negligent and intentional infliction of emotional distress, defamation, and loss of consortium.
 {¶ 3} The case was removed to the United States District Court for the Northern District of Ohio and the Brenos eventually dismissed their claims against the Mentor police and Detective Toth without prejudice. With only the state law claims remaining, the case was then remanded back to the Common Pleas Court of Cuyahoga County. Although Hausler had never answered the complaint in the common pleas action, the record reflects that a telephone status conference resulted in an order that Hausler file "in this court forthwith" the motion for summary judgment he had filed in federal court. Hausler filed his motion for summary judgment on July 11, 2002. The motion was based on the grounds that all of the Brenos' remaining state law claims were, in essence, rooted in defamation and, under R.C. 2305.11, such claims must be brought within one year of accrual.[1]
 {¶ 4} On September 4, 2002, the trial court granted Hausler's motion for summary judgment finding that the remaining claims of the Brenos were premised on conduct that was a "communication" and, as such, were disguised defamation claims subject to the one-year statute of limitations.
 {¶ 5} The Brenos filed a timely appeal to this court raising three assignments of error. The second and third assignments of error are discussed together for clarity of the analysis. The first assignment of error is discussed last.
 {¶ 6} "II. The trial court committed error by applying Ohio Revised Code Section 2305.11, the one year statute of limitations for defamation, to appellant's claim for intentional infliction of emotional distress because Ohio Revised Code Section 2305.09 provides for a four year statute of limitation for such claim and Appellant's claim for intentional infliction of emotional distress is not disguised as a claim for defamation."
 {¶ 7} "III. The trial court committed error by applying Ohio Revised Code Section 2305.11, the one year statute of limitations for defamation, to appellant's claim for negligent infliction of emotional distress because Ohio Revised Code Section 2305.10 provides for a two year statute of limitation for such claim and Appellant's claim for intentional infliction of emotional distress is not disguised as a claim for defamation."
 {¶ 8} This court reviews the trial court's grant of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Summary judgment is appropriately rendered when no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Turner v. Turner (1993), 67 Ohio St.3d 337, 1993-Ohio-176, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 9} The issue in this case is whether the claims for intentional and negligent infliction of emotional distress are based on a "communication" and are thus, subject to the one-year statute of limitations for a defamation claim under Ohio Revised Code Section 2305.11.
 {¶ 10} This court has previously held that in determining which statute of limitations should be applied to a particular cause of action, "`* * * courts must look to the actual nature or subject matter of the case rather than the form in which the action is pleaded. The grounds for bringing the action are the determinative factors; the form is immaterial.'" Krause v. Case Western Reserve Univ. (Dec. 19, 1996), Cuyahoga App. No. 70526, quoting Lawyers Cooperative v. Muething (1992),65 Ohio St.3d 273, 277-278. Where a claim for intentional infliction of emotional distress is set forth under a separate count in a complaint, the applicable statute of limitations for the entire claim is determined by the essential character of the underlying tort action. Hoppel v.Hoppel (Mar. 29, 2000), Columbiana App. No. 99-CO-46, citing Love v. PortClinton (1988), 37 Ohio St.3d 98, 99.
 {¶ 11} Counts two and three of the complaint outline claims for negligent and intentional infliction of emotional distress. In both instances, the assertion is that Hausler was negligent by providinginformation to the Mentor police that he believed was child pornography when, in fact, it was not. The providing of information is a communication that forms the basis of the claim. A claim is "complete under defamation" if, under the facts, it hinges upon the defendant communicating something by speech or conduct. Worpenberg v. The KrogerCo., Hamilton App. No. C-010381, 2002-Ohio-1030, citing Silbaugh, Sticks and Stones Can Break My Name: Nondefamatory Negligent Injury to Reputation 59 U.Chi.L.Rev. 865, 868. "Communication" is a term of art used to denote the fact that one person has brought an idea to the perception of another. Id.
 {¶ 12} Where the underlying wrong which the complaint alleges is defamation, the one-year statute of limitations applicable to defamation applies to the emotional distress claim. Lusby v. Cincinnati MonthlyPublishing Corp. (C.A. 6 1990), 904 F.2d 707. As noted by the Sixth Circuit Court of Appeals, "[i]t would be unfair to permit [a] plaintiff to recover for the alleged [defamation] under the guise of an action for emotional distress when the Ohio General Assembly has specifically elected to limit the availability of such an action through a brief filing period." Id. Thus, where a claim is expressly premised upon a "communication" of false information, it is properly characterized as a "disguised defamation" claim. Worpenberg v. The Kroger Co., Hamilton App. No. C-010381, 2002-Ohio-1030. Moreover, although a claim for emotional distress is recognized as a separate tort under Ohio law, if the claim sounds in defamation it is subject to the one-year statute of limitations for defamation. See Id.; Lusby, 904 F.2d 707; Hoppel, Columbiana App. No. 99-CO-46.
 {¶ 13} We recognize where a claim for reputational harm sounds in defamation, some courts have allowed a negligence claim to survive in spite of the communication if the complaint addresses other noncommunicative negligent conduct by the defendant. Silbaugh, Sticks and Stones Can Break My Name: Nondefamatory Negligent Injury to Reputation 59 U.Chi.L.Rev. 865. In the instant case, however, both claims for negligent and intentional infliction of emotional distress are based exclusively on Hausler providing information to the police. Since this "communication" forms the basis of both these claims, they sound in defamation and are subject to the one-year statute of limitations.
 {¶ 14} We also recognize that this court has previously held that in certain circumstances a claim for intentional infliction of emotional distress that is susceptible to a conventional tort cause of action may be based upon facts so extreme and outrageous in character that the longer statute of limitations prescribed under R.C. 2305.09 should be applied. See Presti v. Aherns (Nov. 17, 1988), Cuyahoga App. No. 54620, citing Pournaras v. Pournaras (Dec. 12, 1985), Cuyahoga App. Nos. 49936 and 49937. However, as this court has stated:
 {¶ 15} "`* * * [T]he requirement of `extreme and outrageous' conduct necessary to the tort of intentional infliction of emotional distress (sic) is not established simply by ordinary tortious or even criminal activity. If that were the case, untimely claimants for any sort of intentionally tortious actions could easily subvert an applicable statute of limitations simply by entitling their action as one for intentional infliction of emotional distress. This would clearly contravene the legislative authority which has limited certain actions to be brought within specified times. Thus, if the set of facts complained of gives rise to a conventional tort action for which the legislature has clearly delineated a statute of limitations, the claim should usually be governed by that statute.'" Presti, supra, quoting Pournaras, supra.
 {¶ 16} We respectfully disagree with the dissent's reliance onPresti, supra, as support for imposing the longer statute of limitations to this case. In Presti, Presti accused a chief of police of preparing a written sexual harassment report which included a statement attributed to Presti. Id. After voluntarily dismissing a complaint grounded in libel and slander, Presti filed a second complaint recasting the claims as intentional and negligent infliction of emotional distress. Id. This court recognized the four-year limitation may be applicable under facts which surmount the facts that ordinarily establish prima facie liability for a conventional tort and establish the conduct is "extreme and outrageous" in comparison thereto. Id. Under the facts of Presti, we determined the conduct amounted to a tortious claim of libel and slander and applied the one-year statute of limitations. Id.
 {¶ 17} In the instant matter, while we recognize a report of child pornography is a very serious allegation, we find nothing extraordinary, intolerable, or extreme in degree about the facts of this case as compared to an ordinary claim for defamation arising out of the reporting of alleged criminal activity.[2] We also do not agree with the dissent that Hausler needed to introduce evidence to the absence of an issue of material fact as to the Brenos' claims. The issue before the court was whether the Brenos' claims were barred by the applicable statute of limitations, not the likelihood of success on the merits of those claims. Hausler did not present any facts which would warrant application of the four-year statute of limitations. Because the facts complained of sound in defamation and do not surmount the conventional tort, the relevant limitations period for defamation was appropriately applied.
 {¶ 18} Further, with respect to the negligent infliction of emotional distress claim, Hausler's conduct produced no actual threat of physical harm to the Brenos or any other person. Ohio law does not recognize a cause of action for negligent infliction of emotional distress where the defendant's negligence produced no actual threat of physical harm to the plaintiff or any other person. Wigfall v. SocietyNat'l Bank (1995), 107 Ohio App.3d 667, 676, citing Heiner v. Moretuzzo
(1995), 73 Ohio St.3d 80, 82.
 {¶ 19} We also note that under Ohio law, there is a tort cause of action, separate from defamation, which exists "for persons who are negligently improperly identified as being responsible for committing a violation of the law and who suffer injury as a result of the wrongful identification. As with any cause of action sounding in negligence, there must be a showing of a duty, a breach of duty, proximate cause and injury before the person improperly identified for committing a crime can establish a valid claim." Barilla v. Patella (2001), 144 Ohio App.3d 524,534, quoting Wigfall, 107 Ohio App.3d at 673; citing Mouse v. The CentralSavings Trust Co. (1929), 120 Ohio St. 599; Walls v. City ofColumbus (1983), 10 Ohio App.3d 180; Hersey v. The House of Insurance
(Feb. 23, 2001), Lucas App. No. L-00-1131. This tort includes providing false information to authorities that another has committed a crime.Walls, 10 Ohio App.3d 180. As courts have recognized, a person owes a duty to use due care when providing information to the authorities which indicates a person has committed a crime. Wigfall,107 Ohio App.3d at 674; Walls, 10 Ohio App.3d at 182-183. As stated in Wigfall: "[w]e acknowledge that public policy does encourage citizens to cooperate with investigating authorities to identify perpetrators of crime. However, we are unwilling to extend public policy to such an extent that due care need not be used when information is supplied to investigating authorities. The serious consequences which accompany an individual being identified as a suspected criminal require the imposition of a duty to use due care on those who give information to assist investigating authorities." Wigfall, 107 Ohio App.3d at 675.
 {¶ 20} All the claims in Brenos' complaint are based on a communication to the police and therefore sound in defamation. No separate cause of action was brought for negligent misidentification, or otherwise sounding in negligence by setting forth a duty, breach, cause, and damage.
 {¶ 21} Under these circumstances, we find that the trial court did not abuse its discretion in granting the motion for summary judgment. The Brenos' second and third assignments of error are overruled.
 {¶ 22} The Brenos' first assignment of error states:
 {¶ 23} "I. The trial court committed plain error by dismissing, as time barred, Appellant's claims for loss of consortium because Ohio Revised Code Section 2305.09 provides for a four year statute of limitations for such actions."
 {¶ 24} A claim for loss of consortium is derivative. Messmore v.Monarch Machine Tool Co. (1983), 11 Ohio App.3d 67, 68-69; Hallbauer v.Koblenz (Jan. 2, 1997), Cuyahoga App. No. 69711. Therefore, if the main claim does not survive, the derivative claim fails as well. Id.
 {¶ 25} In light of our findings on the second and third assignments of error, this assignment of error is overruled.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., concurs.
ANNE L. KILBANE, J., concurring in part and dissenting in part, (See separate opinion).
[1] Mr. Breno agreed that the defamation claim he pleaded was time-barred and conceded that it should be dismissed in his brief in opposition to Hausler's motion for summary judgment and his brief to the court. His attorney reaffirmed this position at oral argument in this appeal. As such, it is not a matter under review by this court.
[2] Counsel for the Brenos even conceded at oral argument that there was no evidence of malicious intent by Hausler in reporting the alleged crime.