OPINION
{¶ 1} Charles and Barbara Whitelow married in 1971. Although they continue to be married, they apparently separated in 1986, when Mr. Whitelow began a relationship with Yvonne S. Darris. Ms. Darris and Mr. Whitelow continued in this relationship until 2005. When Mr. Whitelow broke off the relationship, Ms. Darris sued him for breach of contract to marry. These parties reached a settlement agreement, and Ms. Darris dismissed the complaint, but during the pendency of the litigation, Mrs. Whitelow claims that Ms. Darris began placing harassing telephone calls to her. Mr. Whitelow filed a police report with the Columbus Division of Police. Mrs. Whitelow filed a criminal *Page 2 
complaint with the Columbus City Attorney in September 2005. The Franklin County Municipal Court ultimately dismissed the charge against Ms. Darris on March 27, 2006.
 {¶ 2} More than one and one-half years after the telephone harassment charges against her were dismissed, Ms. Darris filed a civil complaint against Mrs. Whitelow for malicious prosecution, abuse of process, emotional distress, and defamation. Mrs. Whitelow answered the complaint arguing that Ms. Darris' claims were barred by the limitation period in R.C. 2305.11, which requires that claims for defamation and malicious prosecution be filed within one year. Ms. Darris also moved for judgment on the pleadings. The trial court granted judgment for Mrs. Whitelow, and dismissed the case with prejudice. This appeal concerns that dismissal. Ms. Darris assigns four errors for our consideration:
 [I.] THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS[.]
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF/APPELLANT'S MOTION FOR LEAVE TO AMEND HER COMPLAINT[.]
 THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF/APPELLANT'S COMPLAINT WITH PREJUDICE[.]
 [IV] THE TRIAL COURT ERRED IN DENYING PLAIN TIFF/APPELLANT'S MOTION FOR RECONSIDERATION.
 {¶ 3} Despite Ms. Darris' assigned errors, the primary issue in this appeal is whether the claims were barred by the applicable statutes of limitation.
 {¶ 4} The Supreme Court of Ohio has held that the mere allegation that an act is negligent as opposed to intentional and malicious does not automatically modify the applicable statute of limitations and make an intentional act into a negligent act. Doe v. *Page 3 First United Methodist Church (1994), 68 Ohio St.3d 531, 536,629 N.E.2d 402. Still, the allegations in the original complaint must be taken as true, since the motion to dismiss was a Civ. R. 12(B) motion to dismiss. See, generally, Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753.
 {¶ 5} All the allegations in the original complaint are for intentional and/or malicious acts. Thus, R.C. 2305.11 bars those claims. Addressing the claims individually, malicious prosecution has a one-year statute of limitations, with the claim accruing upon the dismissal of the charge. The allegedly false charge was dismissed on March 27, 2006. The civil case was not filed until October 2007, well over one year later.
 {¶ 6} Abuse of process also has a one-year statute of limitations, which also expired no later than March 2007. The October 2007 filing was again past the allowable date for filing.
 {¶ 7} The third claim in the complaint was labeled "tortious infliction of emotional distress," alleging that Mrs. Whitelow knew or should have known the criminal filing would cause Ms. Darris extreme emotional distress. The mental element alleged makes the claim intentional infliction of emotional distress, which also is governed by the one-year statute of limitations in R.C. 2305.11. See Doe, supra.
 {¶ 8} The fourth and final claim in the original complaint is for defamation. This claim alleges that Mrs. Whitelow defamed Ms. Darris by alleging that Ms. Darris committed the crime of telephone harassment. The claim does not state a date for the alleged defamation, but the statement apparently would have ceased no later than the date the criminal charges were dismissed. The one-year statute of limitations for defamation also expired no later than March 2007. *Page 4 
 {¶ 9} Based upon the above, the first and third assignments of error are overruled. The original complaint alleged no claim for which the statute of limitations had not expired.
 {¶ 10} The second and fourth assignments of error solely address the issue of whether the trial court erred in refusing to accept the amendment of the complaint to add a claim entitled by counsel for Ms. Darris as "Negligent Improper Identification." The claim reads:
 12. Defendant has and had at all relevant times a duty to not improperly identify Plaintiff as a person who engaged in telecommunications harassment in violation of the law.
 13. Defendant breached this duty by improperly identifying Plaintiff as the person who engaged in telecommunications harassment in violation of the law.
 14. Defendant's breach of her duty proximately caused Plaintiff to suffer economic, physical and emotional damages in an amount greater than $25,000.00
 {¶ 11} Paragraphs one through ten, which are incorporated by reference, read:
 1. Barbara J. Whitelow improperly identified Yvonne S. Darris as the person who engaged in telecommunications harassment in violation of [R.C. 2917.21(B)].
 2. Barbara J. Whitelow filed a complaint against Yvonne S. Darris alleging telephone harassment with the Columbus City Attorney's Office on or about August 2, 2005.
 3. Yvonne Darris was charged with the crime of telecommunications harassment pursuant to the complaint filed by Barbara J. Whitelow in Franklin County Municipal Court on September 1, 2005.
 4. On or about March 27, 2006[,] the Franklin County Municipal Court dismissed the telephone harassment charge levied by the Columbus City Attorney against Yvonne S. *Page 5 
Darris pursuant to the complaint filed by Barbara Whitelow for lack of evidence.
 5. Barbara J. Whitelow was first introduced to Yvonne S. Darris on or about 1975 and has on numerous subsequent occasions socialized with Yvonne S. Darris.
 6. Barbara Whitelow is married to Charles J. Whitelow and has been since July 17, 1971.
 7. Notwithstanding his marriage to Barbara J. Whitelow, Charles J. Whitelow engaged in an extramarital relationship with Yvonne S. Darris beginning in 1986, when he advised her that pursuant to a purported 1986 divorce he was no longer married, and ending on or about July, 2005.
 8. Charles J. Whitelow filed a report with the Columbus Division of Police on or about July 20, 2005 alleging that Yvonne S. Darris committed the offense of telephone harassment.
 9. In an August 12, 2005 letter to Yvonne S. Darris, Randy Richardson, attorney at law, on behalf of his client Charles J. Whitelow, advised her that Charles J. Whitelow considered her alleged telephone calls to him to be harassment.
 10. Plaintiff was damaged economically, physically, and emotionally as a result of Barbara J. Whitelow's negligent improper identification of Yvonne S. Darris as the person who engaged in illegal telecommunications harassment, the complaint for telecommunications harassment filed by Barbara J. Whitelow, and/or the prosecution of such complaint.
 {¶ 12} The amended complaint tries to bend this claim into a viable negligence claim, but is unsuccessful. The complaint clearly alleges that Mrs. Whitelow knew Ms. Darris and had known her for approximately 30 years. Ms. Darris had been in a relationship with Mr. Whitelow for many years. The relationship ended in July 2005, and Mr. Whitelow made a police report alleging that Ms. Darris was committing or had *Page 6 
committed telephone harassment. The next month, Mr. Whitelow had an attorney contact Ms. Darris to inform her that he considered the telephone calls to be harassing.
 {¶ 13} Up to this point, Mrs. Whitelow is alleged to have done nothing but suffer wrongs at the hands of her own husband and Ms. Darris. After the relationship ended, Mr. Whitelow contacted the police and a lawyer.
 {¶ 14} The amended complaint then leaps to an allegation that Mrs. Whitelow improperly identified Ms. Darris as a person guilty of telephone harassment. The complaint does not state when this happened, or to whom the identification was made. Referring to the remainder of the amended complaint, the identification may have been part of the instituting of the criminal charges. As such, it was part and parcel of the criminal filing, and should be a part of the malicious prosecution theory of recovery. If no telephone harassment occurred at all, then the only appropriate theory is malicious prosecution.
 {¶ 15} If telephone harassment did occur, and Mrs. Whitelow was wrong about who was making the telephone calls, we see no viable claim for negligence. Even under a theory of negligent identification, Ms. Darris has still failed to show that Mrs. Whitelow owed her a duty of care, and breached that duty. Thus, we distinguish the present set of facts from the facts in cases such as Mouse v. Cent. Sav. Trust Co. (1929), 120 Ohio St. 599; Walls v. Columbus (1983), 10 Ohio App.3d 180; andWigfall v. Soc. Natl. Bank (1995), 107 Ohio App.3d 667.
 {¶ 16} As a result of the foregoing analysis, counsel for Ms. Darris set forth no viable claims for relief in the amended complaint. Therefore, the trial court did not make a mistake by refusing to allow the amendment to the complaint. The trial court also did not *Page 7 
err in making the dismissal with prejudice, because, again, the complaint(s) failed to state any viable claim(s).
 {¶ 17} The second and fourth assignments of error are overruled.
 {¶ 18} In sum, we overruled appellant's assignments of error and the judgment of the Franklin County Court of Common Pleas dismissing the complaint is affirmed.
Judgment affirmed.
FRENCH and BROGAN, JJ., concur.
BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1