[Cite as *State v. Currie*, 2014-Ohio-4334.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | |
| | Case No. 2014CA00057 |
| DAVID CURRIE, JR. | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2012CR1066 |
| JUDGMENT: | Sentence Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | September 29, 2014 |

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO,
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: RONALD MARK CALDWELL
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

DAVID CURRIE, JR., PRO SE
Inmate #A633-883
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901

*Hoffman, P.J.*

{¶1}  Defendant-appellant David Currie Jr. appeals the Judgment Entry of the Stark County Court of Common Pleas denying his motion to withdraw his guilty plea. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS[1]

{¶2}  On September 4, 2012, Appellant was indicted by the Stark County Grand Jury with one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree; one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree per R.C. 2925.03(C)(6)(b); one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the fourth degree per R.C. 2925.11(C)(6)(b); one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree per R.C. 2925.03(C)(4)(c); and one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree per R.C. 2925.11(C)(4)(b).  The charges arose from the execution of a search warrant at Appellant's residence where police found a loaded gun, amounts of heroin, and amounts of cocaine.  Appellant admitted to police the gun and heroin were his, he used cocaine, and he sold drugs from his residence.

{¶3}  On December 17, 2012, Appellant entered a plea of guilty to the charges and was sentenced to twelve months on each count, to be served consecutively, for an aggregate prison term of 60 months.

{¶4}  On April 30, 2013, Appellant filed for a delayed appeal pursuant to Appellate Rule 5(A).  In the docketing statement filed with the delayed appeal, Appellant

_____

[1] A full rendition of the underlying facts is unnecessary for our resolution of this appeal.

noted he was challenging the consecutive nature of his prison sentence, as well as the improper imposition of post-release control. This Court denied the motion for delayed appeal.

{¶5} On July 1, 2013, Appellant filed a "Motion to Correct/Merge Sentence" in order to challenge his sentence. Appellant moved the trial court to reconsider its sentence on the grounds the drug trafficking and possession offenses should have merged pursuant to R.C. 2941.25, and the aggregate consecutive sentence exceeded the statutory maximum per R.C. 2929.41(A), R.C. 2929.14(A)(4), and R.C. 2929.14(A)(3)(b). Appellant specifically requested his sentence be reduced from 60 months to three years. The trial court summarily overruled the motion. Appellant filed an appeal with this Court. On appeal, this Court found res judicata barred litigation of the merger issue, and affirmed the decision of the trial court.

{¶6} On March 19, 2014, Appellant filed a motion to withdraw his guilty plea per Criminal Rule 32.1 claiming ineffective assistance of trial counsel for having him plead guilty to a void sentence. Appellant argued his sentence was void as the charges constituted allied offenses of similar import, and the trial court did not make the findings necessary to support consecutive sentences as required under R.C. 2929.14(C)(4).

{¶7} The trial court denied the motion to withdraw guilty plea via Judgment Entry of March 25, 2014.

{¶8} Appellant appeals, assigning as error:

{¶9} "I. THE TRIAL COURT'S FAILURE TO COMPLY WITH THE MANDATORY PROVISION OF AM. SUB. H.S. 86, GEN. ASSEM. (OHIO 2011) IN CONJUNCTION WITH R.C. 2929.14(C) WHEN IMPOSING CONSECUTIVE

SENTENCES, RENDERED THE SENTENCE VOID AND SUBJECT TO AUTOMATIC REVERSAL AND REMAND.

{¶10} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CR. R. 32.1 MOTION TO WITHDRAW HIS GUILTY PLEA WHERE TRIAL COUNSEL FAILED TO OBJECT TO A SENTENCE BASED UPON ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF STATE AND FEDERAL DOUBLE JEOPARDY PROHIBITIONS.

{¶11} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CR. R. 32.1 MOTION TO WITHDREW HIS GUILTY PLEA WHERE TRIAL COUNSEL FAILED TO OBJECT TO THE IMPOSITION OF A VOID SENTENCE IN VIOLATION OF STATE AND FEDERAL DUE PROCESS."

II & III

{¶12} We address these assignments of error together as they raise similar arguments.

{¶13} We note the state of Ohio does not dispute the merits of Appellant's claim some of his convictions for trafficking and possession should have been considered allied offenses for purposes of sentencing. The State concedes Appellant has demonstrated plain error occurred during sentencing pursuant to the Ohio Supreme Court's pronouncement in *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-6314. The State agrees, "The Court should therefore sustain the assignment of error, barring any procedural bars to consideration of the merits of the claim, and remand the case to the trial court for resentencing." (Appellee Brief at 15.)

**{¶14}** Res judicata presents such a procedural bar. However, given the State's candid recognition of the merits of Appellant's claim and in the interest of justice, we elect to reverse our previous decision to deny Appellant's Motion for Leave to File a Delayed Appeal. We will treat the instant briefing by the parties in this appeal as if they had been filed on direct appeal, without further briefing and precluding presentation of any additional claims of error. Upon so doing, we find the trial court's and this Court's prior rulings do not constitute res judicata since this "direct appeal" would have preceded his Motion to Correct/Merge Sentence and the appeal therefrom.

**{¶15}** We affirm the trial court's denial of Appellant's motion to withdraw his plea, but we vacate his sentence and remand the case to the trial court for resentencing.

I

**{¶16}** In light of our disposition of Appellant's other assignments of error, we find his argument herein premature and overruled.

**{¶17}** Appellant's sentence in the Stark County Court of Common Pleas is vacated, and the matter remanded to the trial court for resentencing.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur