Argued April 2, reversed April 24, 1975

SHIRES, *Respondent, v.* COBB ET AL, *Appellants.*

534 P2d 188

*Samuel R. Blair,* of Ady & Blair, Salem, argued the cause and filed briefs for appellant Cobb.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant Arden-Mayfair, Inc. With him on the briefs were Gordon Moore, Kenneth E. Roberts, and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Bruce W. Williams,* Salem, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and Deneke, Holman, Howell and Bryson, Justices.

HOWELL, J.

This is a negligence action in which plaintiff alleges that defendant Cobb, an employee of defendant Arden-Mayfair acting within the course and scope of her employment, "negligently identified" the plaintiff to police and caused robbery charges to be filed against him. The jury returned a verdict for the plaintiff and both defendants appeal. For the first time on appeal, the defendants demur to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. ORS 16.260(6).[1]

This case arose out of a robbery of a Mayfair Market in Salem on January 7, 1972, and the subsequent identification of the plaintiff as the robber. The plaintiff's arrest was the result of a description of the robber given the police by Mrs. Cobb and a subsequent identification by Mrs. Cobb of the plaintiff

---

[1] This ground for demurrer is not waived by filing an answer and may be asserted for the first time on appeal. ORS 16.330; Fulton Ins. v. White Motor Corp., 261 Or 206, 493 P2d 138 (1972). In judging a demurrer on appeal the complaint is entitled to a liberal construction. The demurrer will be sustained if the complaint shows on its face that, if all allegations are true, the plaintiff has no cause of action. *Fulton Ins. v. White Motor Corp.,* supra at 216-29. *See* Note, 9 Will L J 364 (1973).

as the person who robbed her.[2] The charges against the plaintiff were subsequently dismissed.

Plaintiff, in his complaint, alleges:

"That at all times material herein, defendant Juanita Cobb was an agent and employee of Mayfair Market, and at all times herein was acting within the course and scope of her employment.

"That on or about the 7th day of January, 1972, defendant Juanita Cobb negligently identified the plaintiff as a person who robbed the Mayfair Market, and upon such negligent identification, there was caused to be issued a criminal complaint charging the plaintiff with robbery in the third degree.

"That on or about the 10th day of January, 1972, a complaint was sworn out in the District Court of the State of Oregon for Marion County, accusing the plaintiff of the crime of robbery in the third degree. As a result, a warrant of arrest was issued and plaintiff was arrested, placed in jail and was required to post a bond to procure his release."

As forcefully asserted by plaintiff in his brief,

---

[2] The evidence showed that Mrs. Cobb was working as a checker at the time of the robbery. The robber came to her checkstand and demanded that she place money in a brief case he was carrying. Mrs. Cobb had a good opportunity to observe both the clothes and the face of the criminal. Both she and the assistant store manager noted that the man wore heavy gloves.

Following the robbery, and based upon a description radioed to officers in the field, the plaintiff was detained in a parking lot. Mrs. Cobb accompanied the police to the parking lot and positively identified the plaintiff as the criminal. Police found a pair of black leather gloves in the plaintiff's car. The plaintiff was arrested. Plaintiff conceded that the general description of the robber fit him.

The charges against the plaintiff were later dismissed on the grounds that "the case is being resubmitted to the Grand Jury for further investigation."

this is an action grounded in negligence rather than in malicious prosecution or false imprisonment. Therefore, plaintiff contends that "good faith and honesty are irrelevant" and "probable cause is not at issue in this case."

■ It is apparent that plaintiff has failed to state a cause of action and defendants' demurrers must be sustained. It is the law in this state (and we have found no cases from other jurisdictions to the contrary) that public policy will protect the victim of a crime who, in good faith and without malice, identifies another as the perpetrator of the crime, although that identification may, in fact, be mistaken.[9] As stated in *White v. Pacific Tel. & Tel. Co.*, 162 Or 270, 281, 90 P2d 193 (1939):

> "* * * It was the duty of the defendant company and of its officers and employees to use all legal means to apprehend and convict the guilty persons and, in doing so, if they acted with good faith, the law will protect them against an action for damages although the accusation may in fact be unfounded. This rule is founded on grounds of public policy to encourage the exposure of crime and the punishment of criminals. [Citing authority.]"

In *Aiken v. Shell Oil Co. et al and Huey*, 219 Or 523, 348 P2d 51 (1959), as in the instant case, this court was faced with the following question:

> "* * * Can a private citizen against whom a crime has been committed, and upon whose complaint the wrong person was arrested and later released, be required to respond in damages *upon a complaint charging him merely with negligence, * * *?*" 219 Or at 525. (Emphasis added.)

The court answered that question in the negative.

---

[9] The contention that plaintiff's complaint violated public policy was also raised by defendants' motions for involuntary nonsuit and directed verdict.

As noted above, the plaintiff in the instant case contends that probable cause and lack of malice are not available as defenses in a complaint charging negligent identification. The court in *Aiken* pointed out that such a complaint in negligence blends the theories of false arrest, false imprisonment, malicious prosecution, and negligence. "[T]he defendant is required to bear the onus of those terms and charges, while being limited in his defense to answering a charge of negligence, on which the plaintiff elected to rely." 219 Or at 535.

Plaintiff in the instant case relies on the case of *Turner v. Elliott,* 91 Cal App 2d 901, 206 P2d 48 (1949), in support of his proposition that a cause of action will lie for negligent identification. However, the California Supreme Court, in *Turner v. Mellon,* 41 Cal 2d 45, 257 P2d 15, 17 (1953), stated:

"Plaintiff relies upon *Turner v. Elliott* (1949), 91 Cal. App. 2d 901, 904, 206 P.2d 48, wherein understandable and commendable concern is shown for the victims of mistaken identification and ensuing false arrest. We share this concern but we think that proper concern for the victim in such a case must stop at some point along the line where to support his claims further would contravene the public interest. We think it serves the public interest—and, hence, the line should be drawn here—that citizens who have been criminally wronged may, without fear of civil reprisal for an honest mistake, report to the police or public prosecutor the facts of the crime and in good faith, without malice, identify to the best of their ability to such public officers the perpetrator of the crime. Investigation and action from then on are the responsibility of the public employes who are skilled in that work and who are paid to perform it. *The victims of crimes should not be held to the responsibility of*

*guarantors of the accuracy of their identifications."* (Emphasis added.) 41 Cal 2d at 48-49.

*See also Miller v. Fano,* 134 Cal 103, 66 P 183 (1901); *Hughes v. Oreb,* 36 Cal 2d 854, 228 P2d 550 (1951); *Schmidt v. Leben,* 184 NW2d 611 (ND 1971).

Our determination that plaintiff has failed to state a cause of action renders it unnecessary for us to consider defendants' other assignments of error.

Reversed.