327 So.2d 117 (1976)
Nora MANIS, Appellant,
v.
Leamon Lee MILLER, Appellee.
No. 75-969.
District Court of Appeal of Florida, Second District.
February 20, 1976.
Louis L. Suprina, Winter Haven, for appellant.
Alfred J. Ivie, Jr., Winter Haven, for appellee.
James E. Thompson of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, and Frank G. Carrington and William K. Lambie, Evanston, Ill., for amicus curiae, Americans for Effective Law Enforcement, Inc.
E.J. Salcines, State Atty., Tampa, and James H. Gillis, Sp. Counsel, Tallahassee, for amicus curiae, Florida Pros. Attys. Ass'n, Inc.
Robert L. Shevin, Atty. Gen., and William S. Stevens, III, Asst. Atty. Gen., Tallahassee, for amicus curiae, Dept. of Legal Affairs, Civ. Div., State of Florida.
John A. Madigan, Jr., and Jack M. Skelding, Jr., of Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for amicus curiae, Florida Sheriffs Ass'n.
BOARDMAN, Judge.
This timely appeal is from a final judgment awarding damages in the amount of $3,586 against appellant, Nora Manis, in a cause of action filed against her by appellee, Leamon Lee Miller, for false imprisonment based upon appellant's identification of appellee that resulted in his arrest for armed robbery. We reverse.
The question presented is whether, under Florida law, the court is required to award damages for a plaintiff against a defendant who has made a good faith, honest mistake as to identity of a party in a criminal procedure, said mistake being one of the factors to the plaintiff's arrest and imprisonment.
Clearly the question posed is one of substantial public interest and great concern. Prompt and effective law enforcement is directly dependent upon the willingness and cooperation of private persons to assist law enforcement officers in bringing those who violate our criminal laws to justice. Unfortunately, too often in the past witnesses and victims of criminal offenses have failed to report crimes to the proper law enforcement agencies. Private citizens should be encouraged to become interested and involved in bringing the perpetrators of crime to justice and not discouraged under apprehension or fear of recrimination.
Our research has not revealed any legal authority, case law or statutory enactment to support the conclusion of law enunciated by the trial court in paragraph 9 of the final *118 judgment. Paragraph 9 states, in pertinent part, as follows:
9. That Florida law requires that the Court award plaintiff compensatory damages for false imprisonment against a defendant who has made a good faith, honest mistake as to the identity of the party in a criminal proceeding, and said mistake was one of the contributing factors to plaintiff's arrest and imprisonment... .
On the other hand, we have found cases holding to the contrary. In Shires v. Cobb, Or. 1975, 534 P.2d 188, 189-190, the Supreme Court of Oregon, confronted with the same public policy issue as presented here, held:
... It is the law in this state (and we have found no cases from other jurisdictions to the contrary) that public policy will protect the victim of a crime who, in good faith and without malice, identifies another as the perpetrator of the crime, although that identification may, in fact, be mistaken. As stated in White v. Pacific Tel. & Tel. Co., 162 Or. 270, 281, 90 P.2d 193, 198 (1939):
"* * * It was the duty of the defendant company and of its officers and employees to use all legal means to apprehend and convict the guilty persons and, in doing so, if they acted with good faith, the law will protect them against an action for damages although the accusation may in fact be unfounded. This rule is founded on grounds of public policy to encourage the exposure of crime and the punishment of criminals. [Citing authority.]"
See, also, Turner v. Mellon, 41 Cal.2d 45, 257 P.2d 15 (1953). The law of the above-cited cases comports with reason and logic and is applicable to this case.
Upon careful review of the record, briefs of the parties and the amicus curiae briefs, we hold that the trial court committed reversible error in finding in its final judgment that Florida law imposes liability for false imprisonment upon a witness making an honest, good faith mistake in identifying a criminal suspect where the identification contributes to arrest and prosecution of the suspect.
The court wishes to express its gratitude and appreciation to the Attorney General of the State of Florida; Americans For Effective Law Enforcement, Inc.; the Florida Sheriffs Association; and the Florida Prosecuting Attorneys Association, Inc. for filing amicus curiae briefs.
The final judgment rendered in favor of appellee is reversed and the cause remanded with directions to the trial court to enter judgment for appellant.
Reversed and remanded.
HOBSON, Acting C.J., and SCHEB, J., concur.