661 A.2d 1362

Fred J. JAINDL, t/d/b/a Green Acres Home Park, Appellee,

v.

Tamilee MOHR, Appellant.

Tamilee Mohr HAAF, Appellant,

v.

Margaret WEHINGER, Appellee.

Tamilee Mohr HAAF, Appellant,

v.

Mark JAINDL, Appellee.

Supreme Court of Pennsylvania.

Submitted May 2, 1995.

Decided July 18, 1995.

Richard J. Makoul, Allentown, for Tamilee Mohr Haaf.

Robert F. Fortin, Richard F. Stevens, Dina M. Branco, Allentown, for Fred J. Janidl, et al.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

MONTEMURO, Justice.

Appellant, Tamilee Mohr Haaf, seeks review of a Superior Court order which affirmed the entry of summary judgment by the Court of Common Pleas of Lehigh County in favor of Appellees, Fred Jaindl, Mark Jaindl, and Margaret Wehinger. The sole issue raised by Appellant is whether the Superior Court erred in concluding that her cause of action for negligent procurement of criminal proceedings was invalid as a matter of law. For the following reasons, we affirm the entry of summary judgment.

Appellant was employed as a secretary from February 20, 1986, to March 6, 1986, at Green Acres Home Park (Green Acres), a mobile home park owned by Appellee, Fred Jaindl. The other Appellees, Mark Jaindl and Margaret Wehinger, were Appellant's superiors at Green Acres. In March 1987, Joyce Reed, an employee of Green Acres, notified Mark Jaindl that although certain rents had been paid, the money had not been deposited in the bank. Mark, who was the financial controller for Green Acres, conducted his own investigation and confirmed that rent money was missing.

Subsequently, Mark contacted Trooper Michael P. Ryan of the Pennsylvania State Police, who conducted an investigation

into the matter. Trooper Ryan concluded that the money had been stolen, and arrested Appellant as the prime suspect. At Appellant's preliminary hearing, the district justice concluded that the Commonwealth had established a prima facie case on the charges of theft by failure to make the required disposition of funds, theft by unlawful taking, receiving stolen property, and tampering with records of identification.[1] Following a jury trial, Appellant was acquitted of all charges.

After acquittal, Fred Jaindl instituted a civil action against Appellant to recover the missing funds. Appellant responded with a counterclaim against Fred Jaindl, asserting malicious prosecution, abuse of process, slander, and negligent procurement of criminal proceedings. Appellant also filed complaints on these same counts against Mark Jaindl and Margaret Wehinger.[2] Appellees filed preliminary objections, which the trial court dismissed, and the court consolidated all related actions. Trial was scheduled for March 1, 1993.

In February 1993, Appellees filed motions for summary judgment seeking dismissal of Appellant's claims, but the motions were dismissed as untimely. When the parties appeared for trial in March, Appellant indicated that she wanted to amend her pleadings and the trial was continued. In June 1993, the trial court denied Appellant's motion to amend, and the Appellees again filed motions for summary judgment.[3] The trial court granted summary judgment in August 1993, and Appellant appealed to the Superior Court.

On appeal to the Superior Court, Appellant dropped her claims of abuse of process against Appellees. The Superior Court affirmed the trial court's entry of summary judgment, and, most pertinent to this matter, declined to recognize negligent procurement of criminal proceedings as a valid cause of action. *Jaindl v. Mohr*, 432 Pa.Super. 220, 226–227, 637

---

1. Respectively, 18 Pa.C.S. §§ 3927(a), 3921(a), 3925(a), and 4104.

2. Appellant's deposition reveals that she believes that the Jaindls and Wehinger "set her up," even though she did not have evidence of such a conspiracy at the time of her statement. (R.R. at 289a).

3. These second motions for summary judgment were timely filed based upon the postponed trial date.

A.2d 1353, 1356–1357 (1994). On appeal to this Court, Appellant raises one issue,[4] namely, whether the Superior Court erred in concluding that her cause of action for negligent procurement of criminal proceedings was invalid as a matter of law. Appellant presents several arguments in support of her claim, and asks that the entry of summary judgment in Appellees' favor be reversed.

Initially, we disagree with Appellant's contention that Pennsylvania already recognizes the tort of negligent procurement of criminal proceedings. Appellant relies upon the cases of *Little v. York Cty. Earned Income Tax Bur.*, 333 Pa.Super. 8, 481 A.2d 1194 (1984), *appeal dismissed*, 510 Pa. 531, 510 A.2d 351 (1986), and *Motheral v. Burkhart*, 400 Pa.Super. 408, 583 A.2d 1180 (1990) to support her argument. However, even a cursory reading of these cases indicates that negligent procurement of criminal proceedings was not an issue in either case; *Little* involved a claim of negligent misrepresentation, *Restatement (Second) of Torts* § 552, and *Motheral* involved claims of malicious prosecution, intentional infliction of mental distress, and negligent supervision. In fact, our research has not revealed any jurisdiction which has considered the tort which Appellant proclaims we already recognize, nor have we uncovered any other authority which indicates that negligent procurement of criminal proceedings is a cognizable cause of action. Thus, we must consider Appellant's remaining arguments as an attempt to have us recognize negligent procurement of criminal proceedings as a new cause of action.

Appellant argues that the Superior Court misapplied its decision in *Davis v. Equibank*, 412 Pa.Super. 390, 603 A.2d 637 (1992) to the instant facts. In *Davis*, police were investigating the robbery of Equibank when Malesky, one of the bank tellers and an eyewitness, identified Davis as the alleged perpetrator from a photo array. Davis was incarcerated until his preliminary hearing, at which time Malesky testified that Davis was not the perpetrator, because the robber was taller than Davis. Davis was released from custody.

---

4. Appellant does not raise the issues of malicious prosecution or slander on appeal to this Court.

Subsequently, Davis filed an action in negligence against Malesky and Equibank, asserting Malesky was negligent in identifying him as the perpetrator of the robbery. The trial court granted Malesky and Equibank's preliminary objections, concluding that Davis had not raised a cognizable cause of action under the laws of Pennsylvania. The Superior Court agreed, refusing to recognize "negligent identification" as a cause of action:

> We ... recognize that the potential of civil liability for the provision of mistaken information to law enforcement agents would have a chilling effect on citizen cooperation and the provision of valuable information by citizens to police. Further, we are in agreement that the public interest in investigation of crime outweighs the recognition of a negligence action for negligent identification of a suspect.... We decline to recognize a cause of action for negligent identification of another as perpetrator of a crime.

*Davis,* 412 Pa.Super. at 397–398, 603 A.2d at 641. *See also Restatement (Second) of Torts* § 653, comment g (rule exonerating honest informer derives from sound public policy that the efficient enforcement of criminal law requires that a private person who renders aid to the police by giving honest, even if mistaken, information about crimes should be protected).

■ This Court has never addressed whether negligent identification is a cognizable cause of action in Pennsylvania. The instant case, however, requires us to do so in order to adequately address Appellant's claim that the Superior Court misapplied *Davis.* We find the reasoning of the Superior Court in *Davis* to be sound, and join the ranks of other jurisdictions who have addressed this matter and have refused to recognize a cause of action for negligent identification. *See Campbell v. City of San Antonio,* 43 F.3d 973 (5th Cir.1995); *Turner v. Mellon,* 41 Cal.2d 45, 257 P.2d 15 (1953); *LaFontaine v. Family Drug Stores, Inc.,* 33 Conn.Sup. 66, 360 A.2d 899 (1976); *Manis v. Miller,* 327 So.2d 117 (Fla.1976); *Shires v. Cobb & Mayfair Market,* 271 Or. 769, 534 P.2d 188 (1975). We turn now to the substance of Appellant's argument.

The Superior Court concluded that Appellant's claim for negligent procurement of criminal proceedings was actually a claim for negligent identification, and that *Davis* was controlling. Appellant, on the other hand, contends *Davis* is distinguishable. Appellant asserts *Davis* was intended to protect innocent bystanders and actual eyewitnesses from civil liability, not to protect employers who negligently conduct internal investigations and supply circumstantial evidence to police.

■ As a purely factual matter, every case in which negligent identification has been raised as a cause of action has involved an eyewitness to a crime who later misidentifies an innocent individual as the perpetrator. *See Davis v. Equibank*, 412 Pa.Super. 390, 603 A.2d 637 (1992); *Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1995); *Turner v. Mellon*, 41 Cal.2d 45, 257 P.2d 15 (1953); *LaFontaine v. Family Drug Stores, Inc.*, 33 Conn.Sup. 66, 360 A.2d 899 (1976); *Manis v. Miller*, 327 So.2d 117 (Fla.1976); *Shires v. Cobb & Mayfair Market*, 271 Or. 769, 534 P.2d 188 (1975). In this case, however, Appellees were not eyewitnesses to the thefts; rather, they gave Trooper Ryan information regarding those thefts and stated their belief that Appellant was the individual responsible for the crimes. Nonetheless, we find that this case does involve a claim for negligent misidentification.[5] Appellant does not dispute that someone stole money from Green Acres and that the Appellees had a reason to suspect and investigate the thefts. Quite simply, Appellant complains that she was mistakenly identified as the perpetrator of the thefts. Consequently, we need not address whether we should recognize negligent procurement of criminal proceedings as a new tort.

Finally, we must determine whether the entry of summary judgment in Appellees's favor was proper. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

5. Consequently, we need not address Appellant's remaining claim that employers owe a duty of care to their employees to avoid fiscal mismanagement which would result in the wrongful arrest of an innocent employee for theft.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.Civ.P. 1035(b). We cannot find any genuine issue of material fact which persuades us that summary judgment was improper. In fact, Appellant's deposition reveals that she had no evidence of any wrongdoing on the part of Appellees at the time her statement was taken. (R.R. 289a–293a). Moreover, based on the above discussion, we find that Appellees were entitled to summary judgment as a matter of law. Accordingly, we affirm.

MONTEMURO, J., is sitting by designation.