Kennedy, J.
I.Introduction
{¶ 1} The United States District Court for the Southern District of Ohio, Western Division, submitted three certified questions of Ohio law in accordance with S.Ct.Prac.R. 9.01:
1. What is the statute of limitations for claims of negligent misidentifi-cation?
2. Is the doctrine of absolute privilege applicable to claims of negligent misidentification and, if so, does it extend to statements made to law enforcement officers implicating another person in criminal activity?
3. Is the doctrine of qualified privilege applicable to claims of negligent misidentification?
{¶ 2} For the reasons that follow, we conclude that a plaintiff does not have a cause of action in tort for negligent misidentification and that it would contravene public policy to allow such a claim. Accordingly, because we hold that no cause of action for negligent misidentification exists in Ohio, the certified questions are moot.
II. Facts and Procedural History
{¶ 3} These certified questions originate from a lawsuit filed on March 13, 2015. Respondents here, Evan Foley, Andrew Foley, and Michael Fagans, alleged that on March 14, 2013, they knocked on the door of a townhouse on the University of Dayton’s campus, angering the occupant, petitioner Michael Groff, who then called the police. Based on that call, the Foleys and Fagans were arrested for burglary. On March 22, 2014, the criminal charges against Andrew Foley and Fagans were eventually dismissed, and the charge against Evan Foley was resolved.
{¶ 4} Respondents asserted claims of negligence against Groff and petitioner Dylan Parfitt, Groffs roommate, in the federal district court. Petitioners filed motions for judgment on the pleadings or, in the alternative, to certify questions of state law to this court, asserting that a claim of negligent misidentification sounds in defamation and, because defamation is subject to a one-year statute of *254 limitations, respondents’ claim was time-barred. Petitioners also argued that because the law in this area is unsettled, the federal court should certify several questions to the Supreme Court of Ohio. The federal district court has now certified three questions to this court and we agreed to answer those questions. 144 Ohio St.3d 1503, 2016-Ohio-652, 45 N.E.3d 1048.
III. Law and Analysis
{¶ 5} The first Ohio court to recognize the tort of negligent misidentification was the Sixth District Court of Appeals in Wigfall v. Soc. Natl. Bank, 107 Ohio App.3d 667, 669 N.E.2d 313 (6th Dist.1995). The court concluded:
Our careful reading of [Mouse v. Cent. Sav. & Trust Co., 120 Ohio St. 599, 167 N.E. 868 (1929)] and of [Walls v. Columbus, 10 Ohio App.3d 180, 461 N.E.2d 13 (10th Dist.1983)] leads us to the conclusion that there is a tort cause of action, separate from defamation, which exists in Ohio for persons who are negligently improperly identified as being responsible for committing a violation of the law, and who suffer injury as a result of the wrongful identification.
Id. at 673.
{¶ 6} We disagree.
{¶ 7} In Mouse, a bank refused to pay a check written by the plaintiff, even though he had sufficient funds in his account. The payee filed an affidavit claiming that Mouse had issued the checks without sufficient funds. Mouse was arrested and jailed. Mouse claimed in an action against the bank that the refusal to pay the checks was the proximate cause of his arrest and confinement. The trial court directed a verdict for the bank on the ground that the bank’s action was not the proximate cause of Mouse’s arrest, a court of appeals affirmed, and Mouse appealed.
{¶ 8} We recognized that Mouse was arrested on a charge that was “concededly erroneous,” 120 Ohio St. at 611, 167 N.E. 868, and Mouse could have a claim for false arrest, id.
{¶ 9} In reversing a judgment of the court of appeals, we held that the intervention of a person responsible for issuing the warrant did not absolve the bank “upon the ground of lack of proximate cause, if the injury ensued in the ordinary course of events and the intervening cause was set in motion by the defendant.” Mouse at paragraph one of the syllabus. Moreover, although G.C. 710-132 shielded banks from liability when a bank, without malice, mistakenly denied payment of a check unless the depositor “allege[d] and prove[d] actual damage,” id., the arrest and imprisonment of Mouse “constitute^ an actual *255 damage,” Mouse at paragraph three of the syllabus. Therefore, the court remanded the case to the trial court for a determination on false arrest, stating:
What could be a more real and existing damage to a person of good reputation than confinement in the county jail upon a charge concededly erroneous? Such damage is actual, so real, present, and existing, in fact, that the unlawful restraint by one person of the physical liberty of another gives rise to a cause of action all its own, namely, that of false arrest.
(Emphasis added). Mouse at 611.
{¶ 10} In Wigfall, the Sixth District also misread the Tenth District Court of Appeals’ decision in Walls v. Columbus, 10 Ohio App.3d 180, 461 N.E.2d 13 (10th Dist.1983). The plaintiff in Walls claimed that the state bureau of motor vehicles had acted negligently when it supplied incorrect information to a police officer, which led to Walls’s arrest. The Court of Claims dismissed the action prior to trial. Relying on a general discussion of torts and on Annotation, Liability for Negligently Causing Arrest or Prosecution of Another, 99 A.L.R.3d 1113 (1980), the appellate court reversed the judgment of the Court of Claims and remanded the matter for trial, stating that there was potential liability under the allegations of the complaint. The appellate court noted, “[I]t has been recognized in Ohio through the Mouse case, supra, that giving false information which results in the arrest and imprisonment of another may be grounds for tort liability.” Walls at 182.
{¶ 11} Other Ohio appellate courts have discussed claims for negligent misiden-tification. In Breno v. Mentor, 8th Dist. Cuyahoga No. 81861, 2003-Ohio-4051, 2003 WL 21757504, ¶ 20, while recognizing a cause of action for negligent misidentification, the court noted that the cause had not been pled. And in Woods v. Summertime Sweet Treats, Inc., 7th Dist. Mahoning No. 08-MA-169, 2009-Ohio-6030, 2009 WL 3806179, ¶ 36-38, the court held that summary judgment was proper because no set of facts were established to support a claim for negligent misidentification.
{¶ 12} However, this court has never recognized the tort of negligent misidenti-fication, and we decline to do so today. In the past, we have recognized a new avenue of civil redress when there was a compelling public-policy reason to do so. See Collins v. Rizkana, 73 Ohio St.3d 65, 652 N.E.2d 653 (1995) (recognizing a cause of action for wrongful discharge in violation of public policy based on sexual harassment or discrimination); Welling v. Weinfeld, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051 (recognizing the tort of false-light invasion of privacy); Gallimore v. Children’s Hosp. Med. Ctr., 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993) (recognizing that parents can recover damages for loss of filial *256 consortium); Flandermeyer v. Cooper, 85 Ohio St. 327, 98 N.E. 102 (1912) (recognizing an action against a person who wrongfully and maliciously interferes with the marital relationship). Recognition of the tort of negligent misidentification, however, would contravene public policy.
{¶ 13} “ ‘ “Public policy favors the exposure of crime.” ’ ” Dailey v. First Bank of Ohio, 10th Dist. Franklin No. 04AP-1309, 2005-Ohio-3152, 2005 WL 1483678, ¶ 14, quoting Miller v. Omar Baking Co., 24 Ohio Law Abs. 375, 380 (2d Dist.1937), quoting 18 Ruling Case Law 11 (1917). It encourages all citizens to report crime and to come forward to aid law-enforcement officers during the investigation of those crimes. Manis v. Miller, 327 So.2d 117 (Fla.App.1976). The tort of negligent misidentification would have a chilling effect on that public policy. See Lundberg v. Scoggins, 335 N.W.2d 235, 236 (Minn.1983); Jaindl v. Mohr, 541 Pa. 163, 167, 661 A.2d 1362 (1995), quoting Davis v. Equibank, 412 Pa.Super. 390, 392-393, 603 A.2d 637 (1992).
{¶ 14} That is not to say that public policy prevents the right of civil redress. “Ohio law, like the English common law before it, has long recognized a right to recover in tort for the misuse of civil and criminal actions as a means of causing harm.” Trussell v. Gen. Motors Corp., 53 Ohio St.3d 142, 144, 559 N.E.2d 732 (1990). Since at least 1834, this court has recognized the tort of malicious prosecution. Anderson v. Buchanan, Wright 725 (1834). Malicious prosecution is established when a prosecution is initiated or continued with malice and without probable cause, the prosecution has ended in the injured party’s favor, and in cases founded on civil proceedings, a seizure of the injured party or his property during the prior proceedings has occurred. See Trussell at 144. Malicious prosecution applies not only to the state, but also to an individual or corporation. Id. Recognizing the tort of negligent misidentification, however, would diminish the tort of malicious prosecution to a mere negligence action and in turn would expose the victim of a crime or an eyewitness to civil liability for an honest mistake, thereby turning victims of crime and eyewitnesses into “guarantors of the accuracy of their identifications.” Turner v. Mellon, 41 Cal.2d 45, 49, 257 P.2d 15 (1953).
{¶ 15} While we must balance the interests of public policy and the right to civil relief, we also believe that a line should be drawn so that citizens who in good faith report crimes or come forward as eyewitnesses to crimes can do so without fear of civil liability.
{¶ 16} Ohioans are not limited to the tort of malicious prosecution in seeking redress for an injury caused by another’s false reporting of a crime. Since 1823, we have recognized the tort of defamation. Goodenow v. Tappan, 1 Ohio 60 (1823). Since 1863, we have recognized the tort of wrongful or false arrest or imprisonment. William T. Spice & Son v. Steinruck, 14 Ohio St. 213, 216 (1863). *257 And, in 2007, this court also recognized the tort of false-light invasion of privacy. Welling v. Weinfeld, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051, ¶ 61.
{¶ 17} Our decision today that Ohio does not recognize the tort of negligent misidentification is in keeping with decisions of other courts across the United States. See Ramsden v. W. Union, 71 Cal.App.3d 873, 881, 138 Cal.Rptr. 426 (1977). See also Lundberg v. Scoggins, 335 N.W.2d 235, 236 (Minn.1983); Campbell v. San Antonio, 43 F.3d 973, 981 (5th Cir.1995); Shelburg v. Scottsdale Police Dept., D.Ariz. No. CV-09-1800-PHV-NVW, 2010 WL 3327690, *11 (Aug. 23, 2010); Jaindl, 541 Pa. at 167, 661 A.2d 1362. Our decision is also in keeping with the decisions of those courts that have declined to replace the standard of malice with the lesser standard of negligence in claims of false arrest or imprisonment. See LaFontaine v. Family Drug Stores, Inc., 33 Conn.Supp. 66, 78, 360 A.2d 899 (C.P.1976). See also Baggett v. Natl. Bank & Trust Co., 174 Ga.App. 346, 348, 330 S.E.2d 108 (1985); Manis v. Miller, 327 So.2d 117, 118 (Fla.App.1976); Shires v. Cobb, 271 Or. 769, 772, 534 P.2d 188 (1975); Powers v. Carvalho, 117 R.I. 519, 529, 368 A.2d 1242 (1977).
IV. Conclusion
{¶ 18} We conclude that there is no cause of action in Ohio for the tort of negligent misidentification. Accordingly, we decline to answer the questions of law certified by the United States District Court for the Southern District of Ohio, Western Division, because they are moot.
O’Connor, C.J., and O’Donnell, Lanzinger, and French, JJ., concur.
O’Neill, J., dissents, with an opinion joined by Pfeifer, J.