[Cite as *Fourtounis v. Verginis*, 2017-Ohio-8577.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105349**

**MARK N. FOURTOUNIS, ET AL.**

PLAINTIFFS-APPELLANTS

vs.

**THEOLOGOS VERGINIS, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-829086

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 16, 2017

**ATTORNEY FOR APPELLANTS**

Matthew B. Ameer
Law Offices of Matthew Ameer L.L.C.
326 North Court Street
Medina, Ohio   44256


**ATTORNEYS FOR APPELLEES**

David Ross
Holly M. Wilson
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio   44115

SEAN C. GALLAGHER, J.:

{¶1} Plaintiffs-appellants Mark N. Fourtounis ("Fourtounis"), Nikolas and Marika Fourtounis, Nikolas and Marika Fourtounis Living Trust, and Global Outdoor Solutions appeal (1) the trial court's denial of their motion for default judgment, and (2) the trial court's grant of summary judgment in favor of defendants-appellees Theologos Verginis and Benesch, Friedlander, Coplan, and Aronoff, L.L.P. ("the law firm"). Upon review, we affirm the rulings of the trial court.

## Background

{¶2} Fourtounis and Evangelos Stamatopoulos were business partners from 2010 until 2012. In the process of unwinding their business relationship, a dispute arose concerning various pieces of business equipment. Fourtounis believed that a settlement agreement signed by Stamatopoulos addressed the disposition of the assets, and Stamatopoulos argued that he was forced to sign the agreement under duress. After being denied access to the business equipment by Fourtounis, Stamatopoulos retained the legal services of attorney Verginis.

{¶3} In June 2012, Verginis filed a verified complaint for replevin along with an emergency motion for possession of property to protect his client's interest in the business equipment. Attached to the motion was an affidavit executed by Stamatopoulos in which he stated his belief that appellants were holding his equipment for ransom, that they were using the equipment for their own personal gain, and that there was reason to believe they would remove the equipment from the jurisdiction of the court. The motion did not mention the settlement agreement.

**{¶4}** After prejudgment possession of the property had been obtained, attorney Verginis withdrew from the representation of Stamatopoulos in March 2013, and the litigation continued with other counsel. The underlying litigation was ultimately concluded in favor of Fourtounis.

**{¶5}** On June 27, 2014, appellants filed a complaint against attorney Verginis and his law firm. The complaint raised six causes of action against appellants that arose from actions that Verginis took while representing Stamatopoulos and Lighting Capital Holdings, L.L.C., in the underlying suit that was filed against Fourtounis.

**{¶6}** Appellees filed a motion to dismiss that was granted by the trial court. On appeal, the dismissal was affirmed as to two causes of action, including a 42 U.S.C. 1983 action and a claim for intentional infliction of emotional distress, and was reversed and remanded on the remaining claims of civil conspiracy, malicious prosecution in a civil proceeding, third-party legal malpractice, and vicarious liability. *Fourtounis v. Verginis*, 8th Dist. Cuyahoga No. 102025, 2015-Ohio-2518 (*Fourtounis* I).

**{¶7}** The case was remanded to the trial court, and a case management conference was held on September 3, 2015, with all parties present. On September 8, 2015, new counsel for Verginis entered a notice of appearance. On October 22, 2015, appellants filed a motion for default judgment. The next day, appellees filed an answer and a brief in opposition to the motion for default judgment. On October 28, 2015, the trial court denied the motion for default judgment and deemed the answer timely filed.

**{¶8}** Following the completion of discovery, appellees filed a motion for summary judgment that was opposed by appellants. The trial court granted summary judgment. The trial court recognized that Verginis testified during his deposition that he was unaware of the existence of the settlement agreement at the time he filed the replevin action. The trial court

proceeded to determine that (1) the third-party malpractice claim failed because there is "no evidence Verginis acted with malicious intent while advocating for his clients in the Underlying Case," (2) the malicious prosecution claim failed because there was no evidence to establish Verginis possessed an actual intent to harm appellants during the underlying case and cannot satisfy the malice requirement, (3) appellants conceded their civil conspiracy claim failed as a matter of law, and (4) summary judgment was warranted on the vicarious liability claim. Appellants timely filed this appeal.

## Default Judgment

{¶9} Under their first assignment of error, appellants challenge the trial court's denial of their motion for default judgment. In this matter, appellants appealed the trial court's ruling on the motion to dismiss. Upon remand, appellants moved for default judgment because an answer had not been timely filed in accordance with Civ.R. 12(A). Appellees responded by filing an answer and a brief in opposition to the motion for default judgment.

{¶10} In their brief in opposition, appellees argued that they had diligently defended the lawsuit and that an extension of time was warranted under Civ.R. 6(B) because of excusable neglect. They asserted the answer was delayed due to oversight, noting the lengthy appeal from the ruling on the motion to dismiss, the subsequent remand, and the retention of new counsel. They further advocated for resolving the matter on the merits.

{¶11} Civ.R. 55(A) allows for a default judgment when a defendant fails "to plead or otherwise defend" an action in compliance with the Ohio Rules of Civil Procedure. Civ.R. 6(B)(2) allows for a court, in its discretion, to permit a late pleading "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." The discretion granted under Civ.R. 6(B)(2) is not unlimited, and there must be a

showing of excusable neglect. *Davis v. Immediate Med. Servs*., 80 Ohio St.3d 10, 14-15, 1997-Ohio-363, 684 N.E.2d 292. "A trial court's decision to either grant a default judgment in favor of the moving party, or allow the defending party to file a late answer pursuant to Civ.R. 6(B)(2) upon a finding of excusable neglect, will not be reversed absent an abuse of discretion." *Huffer v. Cicero*, 107 Ohio App.3d 65, 74, 667 N.E.2d 1031 (4th Dist.1995), citing *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980), and *McDonald v. Berry*, 84 Ohio App.3d 6, 616 N.E.2d 248 (8th Dist.1992).

{¶12} "[T]he test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 466, 1995-Ohio-49, 650 N.E.2d 1343. The determination must take into consideration all the surrounding facts and circumstances, with the admonition that cases should be decided on their merits, where possible. *Id*.

{¶13} Considering all the surrounding facts and circumstances herein, we find that excusable neglect was demonstrated and that the trial court did not abuse its discretion by deeming the answer timely and denying the motion for default judgment. As discussed above, appellees had vigorously defended the action by filing a motion to dismiss and litigating the appeal. Appellees continued to actively defend and participate in the action upon remand, and retained new counsel, who immediately filed an answer upon the filing of the motion for default judgment. The opposing party was not prejudiced by the delay in pleading, and the circumstances herein reflect an oversight and the absence of willfulness or bad faith. Appellants' first assignment of error is overruled.

**Summary Judgment**

{¶14} Under their second assignment of error, appellants challenge the trial court's decision to grant appellees' motion for summary judgment. Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id*., citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12.

{¶15} Following the *Fourtounis* I appeal, the case proceeded on the claims of civil conspiracy, malicious prosecution in a civil proceeding, third-party legal malpractice, and vicarious liability. Appellees did not oppose summary judgment on the claim for civil conspiracy and have not challenged that claim herein. They have challenged the trial court's decision to grant summary judgment on the remaining claims.

**1. Malicious Civil Prosecution and Third-Party Legal Malpractice**

{¶16} Initially, we address the contention that the third-party malpractice claim is time-barred. The statute of limitations for a legal malpractice claim is one year after the cause of action accrued. R.C. 2305.11(A). The cause of action accrues when there is a cognizable event by which the plaintiff discovers or should have discovered the injury giving rise to a claim and is put on notice of a need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction terminates, whichever occurs later. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus.

{¶17} Fourtounis argues that the cognizable event occurred at the latest in July 2012 when Verginis brought the settlement agreement to the trial court's attention and argued it was invalid. The record reflects that at a July 6, 2012 emergency hearing, appellants through their former counsel claimed the disputed equipment was subject to a "valid cognovit note * * * as well as a valid settlement agreement" that had been executed by Stamatopoulos and members of the Fourtounis family. In response, Verginis argued at the hearing that the settlement agreement was not valid, stating "the settlement agreement they are relying upon was never signed by Lightning Contracting or Lightning Capital, only Mr. Stamatopoulos." Fourtounis maintains this would have been sufficient to alert a reasonable person that an improper act may have been committed and that further investigation is needed.

{¶18} Appellants argue that it was during depositions that were taken in December 2013 and January 2014 in the underlying litigation that they discovered Verginis's purported involvement with and advance knowledge of the settlement agreement before he filed the replevin action and the supporting documents. Therefore, appellants maintain that the complaint, which was filed on June 27, 2014, was filed within the one-year statute of limitations.

{¶19} Our review reflects that arguably appellants were not alerted to Verginis's alleged involvement with and prior knowledge of the settlement agreement until the depositions were taken. The statements made at the July 2012 hearing were not suggestive of an improper act by Verginis or a need to investigate a potential third-party legal malpractice claim. Therefore, we are unable to conclude that summary judgment was warranted on the basis of the statute of

limitations.[1]  Accordingly, we shall review the trial court's determination on the merits of the claim.

{¶20} In order to establish a claim of malicious civil prosecution, a plaintiff must establish prior proceedings were initiated or continued with malice and without probable cause, the prior proceedings ended in the injured party's favor, and a seizure of the injured party or his property during the prior proceedings has occurred.  *Foley v. Univ. of Dayton*, 150 Ohio St.3d 252, 2016-Ohio-7591, 81 N.E.3d 398, ¶ 14, citing *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 144, 559 N.E.2d 732 (1990); *Robb v. Chagrin Lagoons Yacht Club*, 75 Ohio St.3d 264, 1996-Ohio-189, 662 N.E.2d 9, syllabus.

{¶21} With regard to a third-party legal malpractice claim, under Ohio law, "an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice."  *Simon v. Zipperstein*, 32 Ohio St.3d 74, 76, 512 N.E.2d 636 (1987), citing *Scholler v. Scholler*, 10 Ohio St.3d 98, 462 N.E.2d 158 (1984), paragraph one of the syllabus.  The third-party legal malpractice claim herein is premised upon the attorney allegedly acting with malice.

{¶22} "Malice" is indicative of "the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury under circumstances that the law will imply an evil intent."  *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 85, 564 N.E.2d 440 (1990), citing *Black's Law Dictionary* 956 (6th Ed.1990).  "Malice" means "an improper purpose, or any purpose other than the legitimate interest of bringing an

---

[1]  We note that the trial court did not address the statute of limitations argument and decided the merits of the claim.

offender to justice." *Criss* at 85, citing *Black's*, and Keeton, Dobbs, Keeton & Owen*, Prosser and Keeton on the Law of Torts*, Section 119, 883 (5th Ed.1984).

{¶23} Appellants argue that there is a genuine issue of material fact as to whether Verginis acted with malice. It is their position that Verginis knew about the settlement agreement prior to the ex parte filings in the replevin action. During his deposition, Verginis testified unequivocally that he did not know that the settlement agreement existed at the time he filed the ex parte pleadings in the replevin action. He stated that he did not become aware of the settlement agreement until sometime after the replevin action was filed and that he then brought it to the court's attention. Further, the replevin action was supported by Stamatopoulos's sworn affidavit, and Verginis indicated he believed his client was telling the truth.

{¶24} Appellants rely upon deposition and trial testimony from the underlying litigation to suggest an inference of knowledge can be established. However, their asserted inference is based on no more than vague testimony and speculation.

{¶25} During his deposition in the underlying litigation, Blaise Brucardo, the comptroller for Global Outdoor Solutions, testified that he did not know who was representing Stamatopoulos in March 2012. Although he recalled meeting with Verginis while the settlement agreement was being negotiated and discussing the settlement agreement with Verginis, he testified that he "honestly can't say" who was representing Stamatopoulos in mid-March 2012. Further, although Brucardo indicated he "would think" Verginis was representing Stamatopoulos, he testified he "honestly could not say" when Verginis became involved. Likewise, Stamatopoulos never testified that Verginis represented him in negotiating the settlement. He testified that he did not recall who assisted him in negotiating the settlement. The remainder of the testimony and evidence relied upon by appellants similarly fails to support

any reasonable inference of malice. Although appellants claim inferences can be drawn, their argument is purely speculative.

{¶26} Construing the evidence most strongly in favor of the nonmoving party, appellants have failed to create a genuine issue of material fact as to whether Verginis knew of the settlement agreement when the replevin action was filed. Ultimately, after reviewing the testimony and exhibits in the record, we agree with the trial court that there is no evidence that Verginis acted with malice. Accordingly, summary judgment was properly granted on the claims of malicious civil prosecution and third-party legal malpractice.[2]

**2. Vicarious Liability**

{¶27} Under Ohio law, "a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice." *Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 26. "The vicarious liability of a law firm and its principals * * * *presupposes that a firm principal or employee is liable on one or more claims * * ** and considers when the firm itself and each of its principals share in that liability." (Emphasis sic.) *Id*. at ¶ 25, quoting Restatement of the Law 3d, The Law Governing Lawyers, Section 58, Comment a (2000). Because the vicarious liability claim is derivative of the malicious prosecution and third-party legal malpractice claims against Verginis, appellees are also entitled to summary judgment on the claim for vicarious liability.

{¶28} Appellants' second assignment of error is overruled.

---

[2] We decline to address appellees' arguments regarding collateral estoppel and expert testimony, which were not addressed by the trial court and are not necessary to the disposition of this appeal.

**{¶29}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR