[Cite as *Lanier v. Luxottica of Am., Inc.*, 2023-Ohio-4041.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JONATHAN LANIER, | : | APPEAL NO. C-220593<br>TRIAL NO. A-2103516 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| LUXOTTICA OF AMERICA, INC., | : | *O P I N I O N.* |
| | : | |
| and | : | |
| BREANNE GILBERT, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 8, 2023

*James E. Kolenich,* for Plaintiff-Appellant,

*Robbins, Kelly, Patterson & Tucker, LPA,* and *Matthew C. Curran*, for Defendants-Appellees.

**BOCK, Judge.**

{¶1} Plaintiff-appellant Jonathan Lanier brings this appeal, arguing that the trial court erred by granting summary judgment in favor of defendants-appellees Luxottica of America, Inc. ("Luxottica"), and Breanne Gilbert (collectively, "defendants") on Lanier's claim for false arrest. Because Lanier failed to show that Gilbert directed the police to arrest Lanier, we affirm the trial court's judgment.

## I. Facts and Procedure

{¶2} In October 2018, an employee of Sunglass Hut in Kenwood, which is owned by Luxottica, reported a theft to the Hamilton County Sheriff's Office ("HCSO"). Deputy Sheriff Jason Schmieg investigated the theft.

{¶3} Five days later, Gilbert, an employee of Sunglass Hut, called the deputies to report that the shoplifter from the previous week had returned to the store. Deputies went to the store and arrested Lanier.

{¶4} In February 2019, at the state's request, the trial court dismissed Lanier's theft case and expunged the record. The state issued Lanier a public apology after it determined that Lanier did not match the physical identity of the thief in the store's surveillance footage.

{¶5} Later in 2019, Lanier sued defendants for "negligent misidentification." The trial court granted defendants' motion for summary judgment, finding that Ohio does not recognize a tort for "negligent misidentification." Lanier refiled his complaint in October 2021 for false arrest, respondeat superior, and negligent hiring. He argued that Gilbert did not act in good faith by wrongfully identifying him as the person who had committed theft in Sunglass Hut.

2

*Investigating officers testify that Gilbert never directed them to arrest Lanier*.

**{¶6}** Lanier deposed Deputy Sheriffs Schmieg, Prickett, and Fore, all who had responded to Gilbert's call.

**{¶7}** Schmieg had begun to investigate the shoplifting incident shortly after it happened, five days before the deputies detained Lanier. Schmieg had viewed the store surveillance video before Gilbert's report.

**{¶8}** Fore testified that he watched the video after Lanier had been placed in handcuffs and told Schmieg that he agreed 100 percent that it was Lanier in the video. Schmieg's body-worn camera footage showed both deputies stating that they believed the man in the video was Lanier.

**{¶9}** After they watched the video, the deputies asked Gilbert to come to the parking lot to see if she could identify Lanier as the shoplifter. After Gilbert identified Lanier, the deputies arrested him.

**{¶10}** Schmieg testified that Lanier's arrest was "based on the prior report * * * confirmed [that] an offense * * * happened, eyewitness testimony, and * * * Deputy Fore's review of the video." He added that establishing probable cause "is based on [the] totality of the evidence and the multiple officers' point of view."

*Luxottica and Gilbert moved for summary judgment*.

**{¶11}** In July 2022, defendants moved for summary judgment, arguing that the evidence showed that Gilbert did not maliciously report that Lanier was the thief. The trial court found that Gilbert did not direct or demand Lanier's arrest:

I do see the officers investigating. I know that there's some issue about

when did they actually look[ed] at the video. * * * I don't think it matters.

* * * I do think [Gilbert] made identification. * * * So, to me, that was

3

sort of a crucial moment that that officer was going to arrest based upon identification of the eyewitness, not that the eyewitness said arrest him. But if the eyewitness said that's the guy, that was going to be enough for the officer to say, I'm arresting based upon my investigation. So I don't really see that the employee demanded or directed the officers to arrest. And, to me, that's what's key here.

{¶12} The trial court further stated that a witness's identification is not a request or demand to arrest a person.

Identification is something different, because people identify people all the time. That doesn't mean that they have to be arrested because that person said I ID'd them. The officers make that decision, I think. And the affidavits from the officers indicated they were never directed or demanded to arrest them. That they did their own investigation, they thought this was the person * * * she says, I'm 100 percent certain that that's the person. That's not, to me, not a request to apprehend. It's giving the officers information this is the person that committed the theft.

{¶13} The trial court granted defendants' summary-judgment motion. Lanier appeals the trial court's judgment.

## II.  Law and Analysis

{¶14} In his sole assignment of error, Lanier argues that the trial court erred in granting summary judgment in favor of Gilbert and Luxottica because Gilbert maliciously made a false identification. Lanier asserts that Gilbert should be liable for wrongful arrest where the deputies physically made the arrest.

**{¶15}** We conduct a de novo review of summary-judgment decisions. *Holloman v. Permanent Gen. Assur. Corp.*, 1st Dist. Hamilton No. C-180692, 2019-Ohio-5077, ¶ 8. Under Civ.R. 56(C), summary judgment is proper when the moving party establishes that "(1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Id.* at ¶ 7, quoting *State ex rel. Duncan v. Mentor City Council*, 105 Ohio St.3d 372, 2005-Ohio-2163, 826 N.E.2d 832, ¶ 9.

<u>Lanier failed to name his arresters in his false-arrest claim</u>.

**{¶16}** The elements of a false-arrest claim are (1) the intentional detention of a person and (2) the unlawfulness of the detention. *Ficklin v. Home Depot U.S.A., Inc.*, 8th Dist. Cuyahoga No. 94458, 2010-Ohio-5601, ¶ 34. A false-arrest claim must be filed against those who made the arrest or their employees. *Barnes v. Meijer Dept. Store*, 12th Dist. Butler No. CA2003-09-246, 2004-Ohio-1716, ¶ 16; *see Ficklin* at ¶ 34.

**{¶17}** The defendants did not falsely arrest Lanier. Gilbert neither detained nor arrested Lanier. Gilbert was inside the store when the deputies detained Lanier in the parking lot. At the deputies' request, Gilbert came outside to identify Lanier. She did nothing further. And Lanier did not name HCSO or the deputies who made the arrest.

<u>Lanier's false-arrest claim requires a demand for arrest or malice</u>.

**{¶18}** Citing *Foley v. Univ. of Dayton*, 150 Ohio St.3d 252, 2016-Ohio-7591, 81 N.E.3d 398, and *Jordan v. Giant Eagle Supermarket*, 8th Dist. Cuyahoga No.

5

109304, 2020-Ohio-5622, Lanier argues, "When a business calls the police and the police make an arrest, not based on anything they independently observed, but only based on the report made by the business, and that report turns out to be 'concededly erroneous,' then a false arrest claim is available to the injured party." Lanier asserts that he established the elements of a false arrest because (1) Gilbert called the deputies, (2) Lanier's arrest was "solely based on the report made by" Gilbert, (3) the charge against him was clearly erroneous, and (4) Gilbert acted in bad faith.

{¶19} Lanier is correct that a business is not completely insulated from liability for a false arrest. *Jordan* provides that a business may be liable when an employee asks or demands that police arrest a suspect, and the result of that request is an unlawful detention. *Jordan* at ¶ 36-37. But simply calling the police or providing information—such as an identification—will not create liability. *Id.*

{¶20} *Foley* provided a means for holding a person or entity liable when an employee falsely accused a person of a crime. In *Foley*, the occupant of a townhouse called the police after three men knocked on the door, and the police arrested the men for burglary. *Foley* at ¶ 3. The charges were later dismissed. *Id.* The men asserted negligence claims against the townhouse occupant. *Id.* The Ohio Supreme Court held that, while Ohio law does not recognize a tort for negligent misidentification, there are other avenues to pursue malicious prosecution or wrongful or false arrest. *Id.* at ¶ 14. Specifically, the court noted that a person wrongfully detained could establish malicious prosecution by establishing that a "prosecution is initiated or continued with malice and without probable cause, the prosecution has ended in the injured party's favor, and in cases founded on civil proceedings, a seizure of the injured party or his property during the prior proceedings has occurred." *Id.*

**{¶21}** Here, Lanier failed to show that Gilbert directed the deputies to arrest Lanier or that she acted with malice in reporting him as the thief. Further, a person who has been wrongly accused under these circumstances could succeed on a defamation claim. *Foley*, 150 Ohio St.3d 252, 2016-Ohio-7591, 81 N.E.3d 398 at ¶ 16. But Lanier did not allege defamation against Gilbert and Luxottica.

<u>The deputies identified Lanier as the thief</u>.

**{¶22}** Lanier asserts that the deputies "flatly stated that they made no pre-arrest investigation and made the arrest based on the report that they received from the Appellees." But the evidence does not bear that out.

**{¶23}** In his deposition, Schmieg testified that he had begun investigating the theft five days before Lanier's arrest and had reviewed the video before encountering Lanier. Fore testified that he reviewed the video after Lanier was put in handcuffs and that he was "100 percent" sure that Lanier was the shoplifter on the video. Fore and Schmieg agreed that there was enough probable cause for an arrest based on the "totality of the circumstances."

**{¶24}** Accordingly, no genuine issue of material fact existed to show that defendants were liable for false arrest. Lanier's sole assignment of error is overruled.

### III. <u>Conclusion</u>

**{¶25}** The trial court did not err in granting defendants' motion for summary judgment. Therefore, we affirm the trial court's judgment.

Judgment affirmed.

**WINKLER, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.